122 So.2d 153

**Mrs. R. W. SMITH**

v.

**UNITED CONSTRUCTION WORKERS,
DISTRICT 50, et al.**

**6 Div. 428.**

Supreme Court of Alabama.

July 14, 1960.

Crampton Harris and London, Yancey, ·Clark & Allen, Birmingham, for appellees.

Lokey & Bowden and Wilson, Branch & Barwick, Atlanta, Ga., and Hare, Wynn & Newell, Birmingham, for appellant.

SIMPSON, Justice.

Appellant filed a complaint in two counts seeking damages for loss of consortium of

her husband who is alleged to have been injured as a result of an assault and battery committed upon him by appellees. From a judgment sustaining demurrers to both counts of the complaint, plaintiff took a nonsuit and brings this appeal.

This case presents but one question: May the wife of a man injured by the tortious act of a third person maintain an action in Alabama for loss of consortium of her husband against the tort-feasor?

Appellant admits at the outset that no cause of action for loss of consortium of the husband existed in a wife at common law. She, however, asks this court to follow the small minority of courts which have seen fit to create such an action following the case of Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R. 2d 1366, decided by the United States Court of Appeals for the District of Columbia in 1950.

The argument is made that while the wife had no cause of action for loss of consortium of her husband at common law this was because at common law she was considered a chattel belonging to her husband. He could at common law maintain such an action for loss of consortium of his wife. Further, that since the statutes removing the disabilities of married women have been passed, making husbands and wives equal, it is illogical to disallow the cause of action to her and continue to allow it as to the husband. While there is some appeal in the argument and some merit to the contention that the law is inconsistent in this respect, the common law of England is in force in this state except as changed by statute. Title 1, § 3, Code of Alabama of 1940.

We are compelled to follow the common law on any subject when the same has not been changed by the legislative branch of our government. We are in complete agreement with the opinion of the

Supreme Court of Florida in Ripley et al. v. Ewell, reported at 61 So.2d 420, 423, when confronted with the precise question before us:

"Should we reach the conclusion that husband and wife are now exactly equal in their respective rights, duties and responsibilities we would be confronted with the problem of determining whether the change from the common law has the effect of destroying the reason for allowing the husband to recover or destroying the reason for not allowing the wife to recover. At least one court has taken the first view. Marri v. Stamford Street Railroad Co., 84 Conn. 9, 78 A. 582, 33 L.R.A.,N.S., 1042.

\*     \*     \*     \*     \*     \*

"We have given careful consideration to the able arguments advanced in the Hitaffer case, many of which are founded on sound reasoning and which logically support the conclusion reached if considered as an argument of what the law should be. They might well appeal to the Legislature. But we find them wholly unconvincing when viewed from the only angle from which our jurisdiction permits us to consider them, namely, a determination of what the law of Florida is. \* \* \*

"However, the principal reason that prevents us following the Hitaffer case is that, as we understand the language used, the Court in that case admitted that the law as pronounced in all common-law jurisdictions does not recognize a cause of action by a wife to recover for a loss of her husband's consortium but that Court considered the reasons given for this rule of law to be 'specious and fallacious', consequently that Court refused to follow the common law. We do not feel that we are that independent of the legislative branch of Government.

"The common law has been adopted by legislative act. It has been modified to some extent by legislative acts. If further changes are desirable in the public interest, the changes should come from legislation. This case illustrates the wisdom of such a rule and strict adherence to it. In the first place if a change in this common law is to be made it is a legislative rather than a judicial function to decide whether it is more desirable in the public interest to take away the husband's cause of action for loss of consortium which has existed since the beginning of our jurisprudence or to recognize a similar right in the wife which has never before been considered to exist. In the second place we would be blinding ourselves to known conditions if we did not appreciate the fact that almost daily accidents occur which come within the scope of the questions here presented and that in most cases the parties responsible make settlements with those injured.

"If we were to adopt the rule asserted by appellant, all such cases, when the husband was the injured party, and within the statute of limitations, would be reopened and a new claim presented by the wife, and new liabilities imposed upon persons who have already paid once for the result of their negligent acts. While we should not hesitate to declare the law as we find it, even though the unwary who have been ill advised in their action may suffer, we should not by judicial fiat make changes in established law that will injuriously affect many persons who could not possibly foresee or anticipate such action on our part."

To like effect see also the well-reasoned cases of Deshotel v. Atchison, Topeka & Santa Fe Railway Co., 50 Cal.2d 664, 328 P.2d 449, and Neuberg et al. v. Bobowicz et al., Pa., 162 A.2d 662.

 A brief glance at the annotation following the Hitaffer case, supra, at page 1378, 23 A.L.R.2d, will indicate the overwhelming number of jurisdictions so holding. In the light of such a situation, we can but say that it is not our function to change the law, but to determine what it is. The former is vested totally in the legislature.

We find no error in the judgment below.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.