Frances D. Krohn, *Appellant,*

*v.*

Richardson-Merrell, Inc.,
the William S. Merrell Company
Division, Appellee.

406 S.W.2d 166.

(*Nashville,* December Term, 1965.)

Opinion filed July 18, 1966.

Petition for Rehearing Denied September 23, 1966.

DAN E. McGUGIN, Nashville, for appellant.

JOHN K. MADDIN, JR., Nashville, GRACEY, BUCK, MADDIN & COWAN, Nashville, of counsel, for appellee.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Davidson County, Tennessee. The parties will be referred to herein as they appeared in the trial court; that is, appellant Frances D. Krohn as plaintiff, and appellee Richardson-Merrell, Inc. The William S. Merrell Company Division as defendant.

On June 17, 1965, plaintiff filed her declaration seeking to recover $250,000.00 in damages for loss sustained by her as a result of her husband, Howard E. Krohn,

having taken a drug described as Triparanol, commonly referred to under the trade name of MER/29, the same having allegedly rendered him impotent. The declaration, as amended, contains six counts, but it is unnecessary to detail the contentions made in each of these counts, as the question presented by the declaration as a whole is simply—may a wife recover for loss of consortium where the injuries resulting in the impotency of her husband were intentionally inflicted by the defendant. The declaration, as amended, charges that the defendant in this case, by allowing the drug in question to remain on the market, and by continuing to advertise and solicit its use, after knowing that the drug produced harmful side effects of the nature involved here, did intentionally inflict upon the plaintiff's husband the injuries sustained by him and resulting in the loss to the plaintiff for which recovery is sought in this lawsuit.

On September 24, 1965, the defendant filed a demurrer to plaintiff's declaration, which reads as follows:

"Comes now the defendant, through its attorneys, and demurs to the declaration heretofore filed in this cause upon the ground that there is no warrant in law for the maintenance of such action as the plaintiff seeks, because she could not maintain such a suit at common law and there is no statute in Tennessee permitting its maintenance."

On November 4, 1965, the trial court entered an order sustaining the defendant's demurrer upon the basis that "a wife has no such cause of action in Tennessee."

Appeal has been timely perfected to this Court from the action of the trial court in sustaining the defendant's demurrer.

The assignments of error filed in this Court are as follows:

"1. The Trial Court erred in sustaining the demurrer to the Declaration. Tr. p. 31.

2. The Trial Court erred in finding and ruling that there is no such cause of action in Tennessee *under these particular facts* and as result in dismissing Appellant's suit. Tr. p. 31."

In support of these assignments of error, the plaintiff, after admitting that it is presently the established law in Tennessee that a wife may not recover for loss of consortium where the injury inflicted upon the husband is the result of the negligence of the defendant, urges (1) that this case must be differentiated since it is alleged in the declaration, and must be accepted as fact here, that the injury inflicted upon the husband, resulting in the loss to the wife for which compensation is sought here, was intentionally inflicted; and (2) that the Court, in keeping with a modern trend in this direction, should overrule its prior holdings.

In a recent opinion of this Court, it was exhaustively settled that under the common law a wife had no cause of action for loss of consortium; and that, since this decisional law has not been changed by statute, the law of Tennessee remains that there can be no recovery by a wife for loss of consortium by reason of injury to her husband. See *Rush v. Great American Insurance Co.* (1964) 213 Tenn. 506, 376 S.W.2d 454. It is our intention to fully adhere to the doctrine of that decision. It is true that decision dealt with the subject of negligent injury to the husband, rather than with intentional injury. It is to be noted, however, that one of the cases cited in the

opinion was that of *Smith v. United Construction Workers, District 50* (1960) 271 Ala. 42, 122 So.2d 153. In that case, the wife sued for loss of consortium of her husband, whose injuries, resulting in the alleged loss to the wife, were sustained as a result of an assault and battery committed upon him by the defendants. That Court denied recovery, though the injury inflicted upon the husband was plainly the result of an intentional tort, just as is alleged in the declaration in the case now before this Court. As stated, we adhere to all the views expressed in *Rush v. Great American Insurance Co.*, supra, and in light of this, nothing is to be gained by again re-examining the points there decided.

As said, the plaintiff lays great stress upon the fact that the present declaration alleges intentional wrong. The fact remains that this is a cause of action for damages for loss of consortium; and it is our view that the suggested distinction is one without a difference. It is not a predicate for liability which the plaintiff here lacks; it is want of a cause of action under Tennessee law for the damages which she seeks to recover.

■ The plaintiff in this case seeks to analogize this case to those cases where a wife is allowed to recover damages for losses resulting from an alienation of affection or criminal conversation. We think the appropriate distinction between these cases and the case at bar is illustrated by the following quotation from 24 A.L.R.2d 1378, at page 1382:

"II. Loss resulting from intentional or wilful acts of defendant.

Sec. 3 Right of action recognized; generally.

Most of the cases involving intentional acts of the defendant directed against the marital interests of the wife, are for alienation of affections or criminal conversation which are not covered in this annotation. There have been some instances, however, where the courts have recognized a right of action in the wife for slanderous statements made to the husband about her, and for injuries intentionally inflicted upon the husband, although it is generally held that the malicious intent must be directed against her or the marital relationship itself, rather than against the husband.''

To quote further from the above annotation:

''In most of the cases in which the wife's claim has been based on the assertion that the injuries resulting in the loss to her of her husband's consortium were intentionally or maliciously inflicted upon him, recovery has been denied.'' 24 A.L.R.2d at 1385.

Obviously the foregoing does not support a recovery in this case, where the intentional injury is directed, not at the wife or the martial relationship, but at the consumer of the drug; in this case, the husband.

■ As to the second contention of the plaintiff, that this Court should overrule its previous decisions and allow the wife to recover for loss of consortium, we cannot agree. We stand by the proposition so ably stated in *Rush v. Great American Insurance Co.*, supra, that this argument is rightly directed to the Legislature. We hold with the reasons stated in that opinion for this conclusion.

■ Argument is made that the equal protection clause of the Fourteenth Amendment to the Constitution of the United States requires this Court to allow the wife

recovery for loss of consortium, since the same is allowed a husband. To fail to do so, it is said, is to discriminate on the basis of sex; and that is not a proper or legal basis for discrimination. In the first place, we do not find this question to be properly and timely made by the assignments of error in this case. Cf. *Whitehurst v. Howell* (1936) 20 Tenn.App. 314, 98 S.W.2d 1071; *Taylor v. Elgin* (1918) 140 Tenn. 602, 205 S.W. 428. The idea here seems to have originated with a case from the United States District Court for the Western District of Michigan under the style of *Owen v. Illinois Baking Corp.*, 235 F.Supp. 257. A second case, of *Clem v. Brown* (Ohio Com. Pl. 1965) 207 N.E.2d 398, is cited. We are in complete disagreement with both the reasoning and result in those cases.

Assuming, but not deciding that the Fourteenth Amendment to the United States Constitution would ever rightly come into play in a case such as that presented by this record, it is our view that many and obvious differences between what, by legal logic, is recoverable by the male spouse for injury, on the one hand, and the female spouse on the other, may be conceived of. In short, under this view, the Tennessee rule with respect to recovery for loss of consortium does not work a "discrimination" but no more than a practical and logical classification.

What we hold here is that the opinion in *Rush v. Great American Insurance Co.*, supra, states the existing law of Tennessee; and, that under that law the plaintiff wife cannot maintain an action for loss of consortium by reason of injury to her husband, either on the basis of negligence or intentional act.

The judgment of the trial court, sustaining the demurrer of the defendant, is affirmed, with costs of this appeal assessed against the plaintiff below, appellant here.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.

Opinion on Petition to Rehear

MR. JUSTICE CRESON.

We have been presented with a petition to rehear. The essence of this petition seems to be that some phraseology contained in the Court's original opinion in this case has the effect of impeding or imperiling the appellant's further review of the question made with respect to "discrimination" in violation of the Fourteenth Amendment to the United States Constitution.

We have, at some length, re-examined the original opinion, the petition to rehear and the reply thereto. On so doing, we think that the original opinion is entirely adequate as a basis for appellant's presentation of her contention to any other court. What we said in the original opinion, and say again, is that if the Fourteenth Amendment to the United States Constitution rightly comes into play in the situation presented in this case, then there is a permissible "classification", rather than an impermissible "discrimination". We are content to abide the Court's original opinion.

Petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.