The parties agree that the issues presented in these appeals are:
1. Do the provisions of amendments to the Workmen's Compensation Act which immunize a co-employee against suit for a covered accident apply to wrongful death actions?
2. Does the statute which grants immunity to co-employees violate the equal protection and due process clauses of the Alabama and United States Constitutions?
The facts succinctly stated are:
Dennis Slagle, in the course of his employment with the Reynolds Metals Company, suffered fatal injuries. Slagle was survived by no dependents. Reynolds Metals Company has paid all benefits due under the Workmen's Compensation Act on *Page 949 
account of Slagle's death. Defendants Luther Parker, J.F. Newman, Danny Altman, Ed Miller, and Leon Folsom were co-employees of the decedent.
Max Mason, in the course of his employment with the Buchanan Contracting Company, suffered fatal injuries. Buchanan Contracting Company has paid all benefits due under the Alabama Workmen's Compensation Act. It is alleged that the plaintiff, Elcer Mae Mason, was the dependent mother of the decedent. Defendants Randy Adams, A.W. Henson, Billy Alverson and Howard Buchanan were co-employees of the decedent.
Douglas Hamrick, in the course of his employment with United States Pipe Foundry Company, suffered fatal injuries. United States Pipe Foundry has paid all benefits due under the Alabama Workmen's Compensation Act. It is alleged that the plaintiff was a dependent of the decedent. Defendants Max Edward, Max Powell, Cecil Colburn, Sam Smith, C.H. Campbell, Howard Roper, Jim Bradfield and Paul Atchison were co-employees of the decedent.
All three deaths occurred after the enactment of the 1973 or 1975 amendments to § 312 of the Alabama Workmen's Act (now Code 1975, § 25-5-11) which immunized employees from suit by their co-employees arising from job-related accidents. These amendments are Act No. 1062, § 26, Acts of Alabama, 1973, and Act No. 86, 4th Ex. Sess., § 10, Acts of Alabama, 1975.
We hold that the legislature could grant immunity to co-employees of a decedent covered by the Workmen's Compensation Act from suit for wrongful death where the death arose out of a job-related accident, and, therefore, we affirm the grant of summary judgment in each case.
Appellants, representatives of the deceaseds, argue that this Court, in Grantham v. Denke, 359 So.2d 785 (1978) and Pipkin v.Southern Electrical and Pipe Fitting Co., Inc., 358 So.2d 1015
(1978), squarely and forthrightly declared these immunity provisions violative of Section 13 of the Alabama Constitution, and that Section 13 makes no distinction between common law and statutory causes of action. In short, they claim Grantham andPipkin are dispositive of the first issue.
Appellants argue as to the second issue that to hold co-employee immunity still in effect in wrongful death cases when it has been declared void in personal injury cases, would be violative of equal protection provisions of both the Alabama and United States Constitutions. They say there would be no reasonable purpose for such disparate treatment.
Appellants' arguments are persuasive, but to adopt them would be to overturn many prior judicial interpretations which have been rendered on the character and nature of wrongful death actions.
In Alabama, actions for wrongful death are purely statutory. No such action was known at common law. White v. Ward, 157 Ala. 345,47 So. 166 (1908); Kennedy v. Davis, 171 Ala. 609,55 So. 104 (1911). Since the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit, except as to causes of action which have already accrued. Slagle v. ReynoldsMetals Company, 344 So.2d 1216 (Ala. 1977); Pickett v.Matthews, 238 Ala. 542, 192 So. 261 (1939). Thus in the previous appeal of the Slagle case, 344 So.2d 1216, this Court held it constitutionally permissible for the legislature through the Workmen's Compensation Act to deprive a father of his right to sue for the wrongful death of his son under §6-5-391. There the Court stated:
 "The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damages cases in other states, for a strictly limited kind of recovery." 344 So.2d at 1218 [Emphasis in original], citing Patterson v. Sears Roebuck Co., 196 F.2d 947 (5th Cir. 1952).
The causes of action upon which these three appeals are based all arose after the effective date of the 1973 or 1975 amendments *Page 950 
which granted immunity from suits by employees injured in the course of their employment to all employees covered by the Workmen's Compensation Act. None of the plaintiffs had any vested right which was a "property" protected by the Due Process clause. The amendments are not violative of the Due Process clause of the Fourteenth Amendment to the United States Constitution, or of any provision of the Alabama Constitution.
AFFIRMED.
TORBERT, C.J., concurs.
BLOODWORTH, ALMON and SHORES, JJ., concur specially.
FAULKNER, JONES, EMBRY and BEATTY, JJ., dissent.