PER CURIAM.
This is an appeal from a declaratory judgment decreeing that William C. Brant-ley, the father and next of kin of William Charles Brantley, Jr., deceased, was the preferred person to administer the decedent’s estate. We affirm.
William Charles Brantley, Jr. died intestate at or near Flomaton, Alabama, August 31, 1978, survived by his father, William C. Brantley, and mother, Mary Dixon. Brant-ley petitioned the probate court for letters of administration. Before letters were granted, Cherie Kirkland, a/k/a Cherie Brantley, petitioned for a removal to the Circuit Court of Escambia County, alleging that she was the wife of William Charles Brantley, Jr., and that she was the preferred person to be granted letters. After removal, Brantley filed his petition for a *291 declaration of the legal relationship between Cherie Kirkland and his deceased son, prior to his death. The court heard the cases ore tenus, and decreed that there was no legal marital relationship of any kind between Ms. Kirkland and William Charles Brantley, Jr., and that the father was the preferred person to be granted letters of administration. Ms. Kirkland appealed on the ground that the evidence was sufficient to prove that a common law marriage existed between her and William Charles Brant-ley, Jr.
The trial court heard several witnesses for both parties during the trial. The evidence on behalf of Cherie was insufficient, as we review it, to establish a common law marriage. Her own testimony showed that even though they lived together, they were not husband and wife. She said that they had planned to get married on the same weekend that his brother George got married, but “put it off.” Moreover, she testified they were “going through a ceremony” the next week he was off, but meanwhile, William Charles Brantley, Jr. was killed.
The testimony of the decedent’s father showed that he was quite concerned, from a moral point of view, that they were living together, and at the funeral home, after his son’s death, he asked Cherie if she and his son ever married. He testified that she replied negatively.
The record is without any direct proof that Cherie and William Charles ever mutually agreed and consented by any words that they were husband and wife. Cf. Murphy v. Jacobs, 249 Ala. 594, 32 So.2d 306 (1947).
We have reviewed the entire record in this case, and we conclude that the trial court’s decree was supported by the evidence.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON, EMBRY and BEATTY, JJ., concur.