MADDOX, Justice.
The question presented by this appeal is: Can a widow and sole dependent of a workman, who died as a result of injuries re-, ceived on the job, maintain a derivative action to recover damages from the date of her husband’s injury until the date of his death? In answering this question, we must interpret Alabama’s Workmen’s Compensation scheme, the survivability of actions and the right of a spouse to recover compensatory damages when a covered employee dies as a result of injuries received during the course of his employment.
The facts are not disputed. The deceased workman was burned over sixty percent of his body at his place of employment, Johnny Spradlin Auto Parts, Inc., on February 26, 1980. His wife, Betty Baird, the plaintiff below and the appellant here, attended her husband at the hospital from the date of the injury, February 26, 1980, until his death on April 29, 1980. She took time off from her employment with South Central Bell Telephone Company, where she earned $286.50 per week, to be with him constantly. Her husband’s doctors recommended that she attend him, because in his condition, she was the only person her husband could recognize sufficiently in order to attempt communication. Mrs. Baird was told by her husband’s doctors to stay with him to the exclusion of her employment and she did so. Mrs. Baird gave around-the-clock bedside attention for several weeks, and after her husband was transferred from the intensive care unit to the hospital’s burn and trauma unit, Mrs. Baird hired private duty nurses to remain with her husband while she was away from the hospital.
Plaintiff, Betty Baird, first filed, on May 13,1980, a verified workmen’s compensation complaint against Johnny Spradlin Auto Parts, Inc., in which she alleged, among other things, as follows:
“1. Plaintiff is the widow and sole dependent under the Workmen’s Compensation Laws of the State of Alabama of Gerald Wayne Baird, who was employed by Defendant on February 26, 1980 when injured in the course of his employment, said defendant at that time employing more than eight (8) persons and subject to the Workmen’s Compensation Laws of the State of Alabama.
“2. As a proximate result and direct cause of the aforesaid injuries, the said Gerald Wayne Baird’s death occurred on April 29, 1980.
“3. Defendant, at the time of the aforementioned accident, failed to comply with Code of Ala.1975, § 25-5-8, rendering it liable for two times the amount of compensation which would have otherwise been payable for injury or death.
“4. During the intervening time between the date of the accident from which these proceedings arise and the *822 date of death of the said Gerald Wayne Baird, the deceased incurred substantial medical and surgical expenses and burial expenses for which defendant is obligated pursuant to Code of Ala.1975, §§ 25-5-67 and 25-5-77.
“5. Plaintiff, as the widow and sole dependent of the deceased is entitled to the death benefits provided by Code of Ala.1976, §§ 25-5-60 and 25-5-8.”
On May 28, 1980, plaintiff filed, In her individual capacity, the complaint which is the subject matter of this appeal, and in which she claimed damages allegedly suffered by her from the date of her husband’s injury until the date of his death.
The trial court granted defendant’s motion for summary judgment. We affirm.
The Workmen’s Compensation Act creates rights, remedies and procedure all its own, and Code 1975, § 25-5-53, specifically provides that:
“The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death.’’ (Emphasis added.)
The workman’s death resulted from injuries he received during the course of his employment; therefore, the principles of law set forth in Slagle v. Parker, 370 So.2d 947 (Ala.1979), that neither a personal representative nor a dependent of an employee can sue a co-employee for the alleged wrongful death of the employee apply.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.