497 So.2d 120 (1986)
Dorothy L. MATTISON and Gary Mattison, as Co-administrators of the Estate of Woodrow W. Mattison, deceased
v.
Charles KIRK, et al.
Charles KIRK, et al.
v.
Dorothy L. MATTISON.
85-125, 85-329 and 85-325.
Supreme Court of Alabama.
October 3, 1986.
*121 C. Delaine Mountain and Vickie E. House, Tuscaloosa, for appellants/cross-appellees.
Alan T. Rogers and James A. Bradford of Balch & Bingham, Birmingham, for appellees/cross-appellants.
JONES, Justice.
These consolidated appeals and cross-appeals present four issues: 1) Whether a claim for loss of consortium can be based on a common law marriage; 2) whether a pending action, claiming loss of consortium, survives the death of the injured spouse; 3) whether a worker's personal representative can maintain a wrongful death action against the co-employees of the deceased; and 4) whether, because of this Court's holding in Slagle v. Parker, 370 So.2d 947 (Ala.1979), a tort action against co-employees for personal injuries survives if death results from those injuries while the action is pending. We answer issues 1, 2, and 4, yes. We answer issue 3, no.
On July 22, 1982, Woodrow Mattison, an Alabama Power Company "troubleman," was investigating a power outage when he suffered an electrical shock and was rendered comatose. On May 19, 1983, Mattison, through his guardians Dorothy L. Mattison and Gary Mattison, filed a personal injury action pursuant to Code 1975, § 25-5-11, against co-employees Charles Kirk, Gerold Gast, J.C. Brazil, Carl V. Turner, R.B. Hicks, and Ed Graves, and certain other non-co-employee third parties.[1] A loss of consortium claim by Dorothy L. Mattison was included in the complaint. Woodrow Mattison died on August 12, 1985, never having regained consciousness. Maximum weekly workmen's compensation benefits were paid by the employer from the time of Mattison's injury to the date of his death; but no death benefits were paid, because his death occurred more than three years after his injury. Code 1975, § 25-5-60.
Co-employees filed a motion for summary judgment on September 10, 1985, on all claims in the action. The trial court granted summary judgment in favor of the co-employees *122 on Mattison's personal injury claim, but reserved ruling on the consortium claim.
On October 28, 1985, Dorothy Mattison and Gary Mattison moved the trial court to allow them to be substituted as plaintiffs in the capacity of co-administrators of the estate of Woodrow W. Mattison, deceased; and, further, they amended the complaint to add wrongful death claims against all Defendants. The trial court allowed the substitution but granted the co-employees' motion to dismiss the amendment on the ground that a wrongful death claim could not lie against co-employees. Plaintiffs, following A.R.Civ.P. 54(b) orders of finality, appealed both summary judgments in favor of the co-employees.
On December 3, 1985, co-employees filed a supplemental motion for summary judgment on the loss of consortium claim. The motion was denied, and co-employees requested permission to cross-appeal. On December 21, 1985, the trial court found that a common law marriage had existed between Woodrow and Dorothy Mattison. On January 7, 1986, this Court granted co-employees' request to cross-appeal (Rule 5, A.R.A.P.), and all three cases were consolidated.

Issue No. 1
First, we will address the question whether a ceremonial marriage is a prerequisite to a loss of consortium claim. Common law marriages are valid in Alabama (Campbell v. Gullatt, 43 Ala. 57 (1869); Beggs v. State, 55 Ala. 108 (1876)), and are co-equal with ceremonial marriages, Piel v. Brown, 361 So.2d 90 (Ala. 1978). In Henley v. Rockett, 243 Ala. 172, 8 So.2d 852 (1942), this Court recognized marriage as "contractual, a covenant relation, resulting in the marital union in which each spouse has the unquestioned right to all the fealties on the part of each other, known as consortium." 243 Ala. at 174, 8 So.2d at 853. Both husband and wife have mutual and special rights and interests growing out of the marriage relationship. Consequently, each spouse has a cause of action for loss of consortium caused by the tortious act of a third party. Swartz v. United States Steel Corp., 293 Ala. 439, 446, 304 So.2d 881, 887 (1974).
Because common law marriages are valid in Alabama, entitling the wife of such a marriage to all the interests and rights of a wife of a ceremonial marriage, it follows that a ceremonial marriage is not a prerequisite to maintaining an action for loss of consortium. A common law marriage will support a consortium claim.
Co-employees' contention that the trial court had insufficient evidence to find a common law marriage between Dorothy and Woodrow Mattison is without merit. The requisites of a common law marriage are: capacity; present agreement or consent to be husband and wife; and public recognition of the existence of the marriage and cohabitation or mutual assumption openly of marital duties and obligations. Etheridge v. Yeager, 465 So.2d 378 (Ala.1985). No ceremony or particular words are necessary. Etheridge, supra; Skipworth v. Skipworth, 360 So.2d 975 (Ala.1978). Here, there is no dispute as to the capacity of the deceased and Dorothy to enter a valid marriage. Proof of the agreement to marry may be inferred from the circumstances, i.e., from cohabitation and reputation. Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166 (1944).
The record is replete with evidence to support the trial court's finding of Dorothy's and Woodrow's common law marriage. They lived together as husband and wife beginning in July of 1974 and held themselves out as husband and wife from that time on. Dorothy took Woodrow's name as her own. Indeed, she promptly changed her name on her driver's license, Social Security card, and voter registration. The two opened joint charge and savings accounts, and filed joint tax returns. Additionally, Dorothy is listed as Woodrow's wife with the Veterans' Administration with regard to Woodrow's disability check.
*123 Co-employees place great weight on the fact that Dorothy and Woodrow planned a ceremonial marriage at some future date, arguing that since the Mattisons planned such a ceremony, no valid marriage existed. Co-employees rely on Kirkland v. Brantley, 380 So.2d 290 (Ala.1980), and Gilchrist v. State, 466 So.2d 988 (Ala.Crim. App.1984), cert. quashed, 466 So.2d 991 (Ala.1985). In these two cases, however, the parties were merely cohabitating with an intent to marry in the future. The couples in Kirkland and Gilchrist manifested no present intent to be married, as Dorothy and Woodrow did. Additionally, the intent to participate in a marriage ceremony in the future does not prove a couple's nonmarriage. Skipworth, 360 So.2d at 977. It is not uncommon even for ceremonially married couples to have a second marriage ceremonya sort of celebration and renewal of marriage vows. In sum, we find evidence to sustain the trial court's finding of a common law marriage.

Issue No. 2
Next, we address the issue whether a claim for loss of consortium survives the death of the injured spouse. Co-employees assert that Mrs. Mattison's loss of consortium claim cannot be maintained after the death of her husband.
Relying on Baird v. Spradlin, 409 So.2d 820 (Ala.1982), co-employees seek to distinguish this case from Price v. Southern Ry. Co., 470 So.2d 1125 (Ala.1985) (holding that a wife's loss of consortium claim survived her husband's death), by pointing out that the Price decision did not involve an employee suffering an on-the-job injury that later resulted in death. They argue that the claim for loss of consortium should be viewed as co-extensive with, or derivative of, the injured spouse's cause of action, so that in the absence of that spouse's actionable claim the consortium claim could not be maintained. Alternatively, co-employees suggest that Slagle v. Parker, 370 So.2d 947 (Ala.1979), creates an exception to the ruling in the Price decision.
Co-employees' analysis fails on two counts. First, the wife's right of consortium is her separate right. Although her loss derives out of her husband's injury, her claim is independent of his. "[The wife's] separate action for loss of consortium is not an action for the same cause against the same defendant." Price v. Southern Ry., 470 So.2d at 1130 (Ala.1985) (emphasis in original). It is distinct from the husband's personal injury or wrongful death claim and does not abate upon the death of the husband, Price, supra. See, also, Swartz v. United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974).
The wife's right of recovery depends only upon a showing of liability on the part of third-party Defendants. To make her case, she simply must prove that her husband's injury was caused by Defendant's wrongful acts and that, as a result, she lost her husband's consortium from the time of the injury until his death. The fact that there may be some impediment to bringing a wrongful death or personal injury action on his behalf does not mean there is any impediment to her bringing her loss of consortium claim. Thus, it is irrelevant that a claim on his behalf, whether for wrongful death or personal injury, may fail under the provisions of the Workmen's Compensation Act.
Second, co-employees' reliance on §§ 25-5-11 and 25-5-53 is misplaced. The essence of co-employees' argument is that the grant of immunity for wrongful death provided in these two Code sections, the legality of which was upheld in Slagle, also provides immunity with respect to Mrs. Mattison's loss of consortium claim. The validity of the legislature's attempt to include the dependent widow within the embrace of the immunity provisions of the Workmens' Compensation Act must be tested against the nature of the widow's claim. If the claim asserted is a common law claim, the holding in Grantham v. Denke, 359 So.2d 785 (Ala.1978), is applicable. (Grantham held unconstitutional the immunity provisions of the Workmen's Compensation Act as they apply to an employee's *124 common law action for personal injuries against co-employees; and that holding is not challenged here.)
The husband's claim for loss of consortium had its origins in common law. In Swartz v. United States Steel Corp., 304 So.2d at 883, this Court, acknowledging that "common law is decisional law," not written on "unchangeable tablets of stone," recognized the wife's cause of action for loss of consortium caused by a tortious act of a third party. Thus, Mrs. Mattison's loss of consortium claim against the co-employee Defendants is a common law claim governed by Grantham and not a statutory claim governed by Slagle.
Applying these principles to the facts of the present case, we hold that Dorothy's third party claim for loss of consortium survives the death of the injured spouse.

Issue No. 3
Plaintiffs, in their representative capacity, ask us to rule that they may maintain an action under the wrongful death statute, § 6-5-410, against co-employees. The immunity provision of the Alabama Workmen's Compensation Act, as applied to wrongful death claims against co-employees, was held constitutional in Slagle v. Parker, 370 So.2d 947 (Ala.1979), appeal dismissed, 444 U.S. 804, 100 S.Ct. 24, 62 L.Ed.2d 17 (1979). We will not re-examine the issue here. Plaintiff's personal representatives cannot maintain a wrongful death action against co-employees of the deceased. The trial court's order of dismissal on this claim as to co-employees is affirmed.

Issue No. 4
We next consider whether a tort action against co-employees for personal injuries survives if death results from those injuries while the action is pending. Co-employees argue that Mattison's personal injury claim was extinguished upon his death and that the only remedy is under Alabama's wrongful death statute, § 6-5-410. Co-employees reason that, because Mattison's injuries and death resulted from a job-related accident, the Alabama Workmen's Compensation Act is applicable. Accordingly, they argue, they are entitled to the statutory immunity for co-employees recognized in Slagle v. Parker, supra, and that the co-administrators have no remedy.
Co-employees have misconstrued the law. At common law, personal injury actions did not survive the death of the injured party. Consequently, it was cheaper for the defendant to kill the plaintiff than to injure him, leaving the bereaved, and often financially destitute, family of the victim without a remedy. This intolerable situation was ended in England by the passage of the Fatal Accidents Act of 1846, otherwise known as Lord Campbell's Act. W. Keeton, Prosser & Keeton on The Law of Torts, § 127 at 945 (5th ed. 1984). This enactment created a new cause of action upon the death of the injured party, provided the deceased could have maintained an action before his death. Every American state now has a statutory remedy for wrongful death. Id. The purpose of Alabama's wrongful death statute, § 6-5-410, is the protection of human life and the prevention of homicides by wrongful act, omission, or negligence of persons or corporations. Breed v. Atlanta B. & C.R. Co., 241 Ala. 640, 4 So.2d 315 (1941).
Another measure to correct the harsh consequences of the common law abatement of an action, upon the death of the injured party, is the survival-of-actions statute passed by the Alabama legislature. Although Alabama's original statute did not provide for the survival of personal injury actions, it was later amended to include such claims. Originally, Code 1852, § 2157; currently, Code 1975, § 6-5-462.
This Court has construed the survival statute and the wrongful death statute, § 6-5-440, in pari materia. Where an individual suffers an injury from the negligence or intentional conduct of a tortfeasor, he or she has a common law action for personal injuries. If the injured person dies of a cause unrelated to the subject injuries, after filing a claim, the action can *125 be revived by the personal representative, and damages are recoverable under the survival statute, § 6-5-462. If the plaintiff dies of his injuries, however, the remedy is under the wrongful death act, § 6-5-410. Bruce v. Collier, 221 Ala. 22, 127 So. 553 (1930); Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (1942). The rationale of these cases is that, because there is a remedy under the wrongful death act, allowance of an additional personal injury action under the survival statute would work an injustice in that plaintiff would be permitted to receive a double recovery. As this Court explained in Parker, supra:
"The statute providing for survival of actions for `injuries to the person' does not apply to actions for injuries from wrongful injury resulting in death, with a consequent right of action under the Homicide Act. The survival statute has a field of operation in actions where death ensues from other causes. The lawmakers did not contemplate two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, one to recover for personal injuries for the benefit of the estate, and another for punitive damages for the benefit of next of kin." 243 Ala. at 349, 10 So.2d at 14 (emphasis added).
Co-employees rely on verbiage in Price, supra, to support their contention that a personal injury action abates upon the death of the injured party ("Lonnie's claim... is extinguished"). Lonnie's claim, in Price, was extinguished by virtue of the wrongful death act. Because Mattison's personal representatives are denied a remedy under the wrongful death act by virtue of Slagle's interpretation of § 25-5-11, there is nothing to extinguish his pending action. Compare Elam v. Illinois Central Gulf Ry., 496 So.2d 740 (Ala.1986) (where, upon death of plaintiff, the wrongful death statute extinguished the pending personal injury claim, the prior pending claim could not be amended to state a claim for wrongful death).
Thus, applying the survival statute, absent the application of the wrongful death statute, we hold that Mattison's personal injury action survives. To hold otherwise would leave Mattison's co-administrators with no remedy. It was not the legislative intent to leave an individual, injured by the negligence of another, without a remedy. Furthermore, our Constitution does not permit it.
By analogy, we find the case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937), instructive on this point. In a common law action, the employee claimed damages against his employer for insidious (as opposed to accidental) personal injury suffered when he, over a number of years, inhaled the fumes and dust of trisodium phosphate, a chemical produced at the plant. The employer claimed immunity under the exclusivity provision of the Workmen's Compensation Act, while also claiming the Act did not apply to a nonaccidental injury. Although recognizing that, in general, the Workmen's Compensation Act was intended as a substitute between master and servant, for those who elect to come within its provisions, for a tort action, the Gentry Court asserted that the provisions of § 13, Constitution of Alabama 1901, controlled:
"However, in the light of provisions of section 13, ... it cannot be said that for an injury done a person, not within the provisions of the Workmen's Compensation Act, that it was the legislative intent by the enactment of said law, to deny such person a remedy, if under the common law ..., or other statute he was entitled to maintain an action therefor."
For the reasons expressed above, the final judgment is affirmed in part (as to the finding of a common law marriage; as to the dismissal of the wrongful death claim, and as to the allowance of the loss of consortium claim); reversed in part (as to the dismissal of the personal injury claim); and the cause is remanded for further proceedings consistent with this opinion.
*126 AS TO THE APPEAL, AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
AS TO THE CROSS-APPEAL, AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.
BEATTY, J., not sitting.
MADDOX, Justice (dissenting).
I concur in the opinion of the Court which holds that a worker's personal representative cannot maintain a wrongful death action against the co-employees of the deceased, and I would not reach the question of whether a claim for loss of consortium can be based on a common law marriage, but I must respectfully dissent from that portion of the opinion which holds that a worker's surviving spouse can maintain an action claiming loss of consortium.
I am of the opinion that this Court's case of Baird v. Spradlin, 409 So.2d 820 (Ala. 1982), is controlling. In Baird, this Court had before it a factual and legal setting which is strikingly similar to the facts of the present case, and this Court, in that case, held that the consortium claim by the spouse of a workman who had died as a result of work-related injuries was due to be dismissed. Writing for the Court, I framed the issue in that case as follows:
"The question presented by this appeal is: Can a widow and sole dependent of a workman who died as a result of injuries received on the job, maintain a derivative action to recover damages from the date of her husband's injury until the date of his death? In answering this question, we must interpret Alabama's Workmen's Compensation scheme, the survivability of actions and the right of a spouse to recover compensatory damages when a covered employee dies as a result of injuries received during the course of his employment."
409 So.2d at 821.
In Baird the facts were undisputed that Gerald Baird suffered an accident arising out of his employment on February 26, 1980, and died as a result of those injuries on April 29, 1980. Betty Baird, his wife, filed an action for workmen's compensation death benefits and expenses on May 13, 1980. On May 28, 1980, Mrs. Baird "filed, in her individual capacity," her complaint which was the subject of the appeal in Baird, in which she sought damages "allegedly suffered by her from the date of her husband's injury until the date of his death." Id. at 822. That suit, according to the records in this Court, was filed against Johnny Spradlin, as an individual.
Spradlin filed a motion for summary judgment as to Betty Baird's complaint, and the trial court granted the motion. This Court affirmed the entry of summary judgment. Id. at 822.
The Court noted that the "Workmen's Compensation Act creates rights, remedies and procedures all its own...." Id. Specifically, Code 1975, § 25-5-53, provides:
"The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death." (Emphasis added.)
In Baird, this Court held that because Gerald Baird's death resulted from injuries he received during the course of his employment, all remedies available to his personal representative or dependents were governed by the above-quoted statute.
The majority correctly holds that a wrongful death action cannot be maintained against a co-employee. Slagle v. Parker, 370 So.2d 947 (Ala.1979).
The holding and rationale of Baird v. Spradlin are not at odds with the Price v. Southern Ry. Co. decision, in my opinion, because Baird involved a work-related injury *127 and Price did not. With near unanimity, the courts have held that a loss of consortium claim is barred by the exclusive remedies afforded by workmen's compensation acts. See, e.g., Gillespie v. Northridge Hospital Foundation, 20 Cal.App.3d 867, 98 Cal.Rptr. 134, 135 n. 2 (1971) (cataloging cases from numerous jurisdictions which have barred consortium claims not only under specific statutory language similar to that in Code 1975, § 25-5-53 (1975), but also under general statutory language); Gulf States Ceramic v. Fenster, 228 Ga. 400, 185 S.E.2d 801 (1971); Nichols v. Benco Plastics, Inc., 225 Tenn. 334, 469 S.W.2d 135, 137 (1971) (intent of workmen's compensation act was to take "away the right of dependents to sue at common law `or otherwise'"; Larson, The Law of Workmen's Compensation, § 66.20 (1983).
At common law, a wife had no right of action for loss of her husband's consortium. Smith v. United Construction Workers, 271 Ala. 42, 122 So.2d 153 (1960). Of course, that decision was overruled in Swartz v. United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974). In his dissenting opinion in Swartz, Mr. Justice Merrill pointed out:
"My disagreement with the majority opinion is not with a question of law but with the judicial policy which is advocated and followed.
"This court has followed and applied English common law principles since Alabama became a state, but for the first time in the Code of 1907, the Legislature officially declared us to be a common law state. The Code section was again adopted in the 1923 Code and is presently Tit. 1, § 3, Code 1940, and reads:
"`The common law of England, so far as it is not inconsistent with the constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature.'
"At the time this statute was enacted, and to the present, the common law of England was that a husband did have a cause of action for the loss of his wife's consortium and the wife did not have a right of action for the loss of her husband's consortium.
"The question of the wife's cause of action did not arise in this court until 1960, and in Smith v. United Construction Workers, District 50, 271 Ala. 42, 122 So.2d 153, the trial court had followed the common law and we affirmed. This court said:
"`We are compelled to follow the common law on any subject when the same has not been changed by the legislative branch of our government. * * *
"* * *
"` * * * In the light of such a situation, we can but say that it is not our function to change the law, but to determine what it is. The former is vested totally in the legislature.'"
It could be argued that the principle of law announced in Grantham v. Denke, 359 So.2d 785 (Ala.1978), that the legislature could not abolish the wife's right to now sue because her right to sue has been authorized by Swartz.
Although I dissented in Grantham v. Denke, I, nevertheless, believe that the principle announced in that case is applicable here, because I am of the opinion that Grantham v. Denke only applied to rights and remedies a claimant enjoyed under the common law. The opinion of the majority so states:
"To permit the Workmen's Compensation Act by means of the 1975 amendments to § 312 to immunize a co-employee from suit by an injured employee would deprive him of rights and remedies he enjoyed under the common law which are preserved under § 13 of our constitution."

"* * *
"... [O]ur conclusion [is] that § 13 of the Alabama Constitution preserves a right of action of the injured employee against her or his co-employee as well as preserving a remedy for enforcement of *128 that right. The right existed at common law against both employer and co-employee." (Emphasis added.)
In Slagle v. Parker, 370 So.2d 947, 950 (Ala.1979), the late Mr. Justice Bloodworth commented on the legal effect of Grantham as follows:
"I concur in the opinion for the court authored by Justice Maddox. It is consistent with Grantham v. Denke, 359 So.2d 785 (Ala.1978), which held that co-employee immunity `would deprive [an injured employee] of rights and remedies he enjoyed under the common law which are preserved under § 13 of our constitution.' Id. at 787 [Emphasis supplied]. Grantham also stated that the 1947 amendment to the workmen's compensation legislation `was merely declaratory of the common law rights of the injured employee as they existed before its enactment and as preserved by § 13 of our constitution.' Id. at 788 [Emphasis supplied.] Because wrongful death actions are purely statutory, the reasoning of Grantham does not apply to the instant cases. I agree with Justice Maddox that what the legislature has given, it may take away so long as the right has not vested."
Mr. Justice Beatty, in Slagle v. Parker, commented on the Grantham case as follows:
"A review of that section's history, together with this Court's interpretations of it, has convinced me that our rationale in Grantham was erroneous; that the decision should have been supported by other principles. Because I concurred in the majority opinion in Grantham, I believe it is incumbent upon me to correct what, I am now convinced, was an incorrect basis in law for that decision."
Of course, Grantham is now the law, even though I think it should not be, but even applying the Grantham rationale, there was no common law right existing in the wife for loss of consortium of her husband at the time the people adopted Section 13 of our Constitution; therefore, even under Grantham, the legislature had the right to deny a wife the right to recover for loss of consortium, because she had no such right at common law.
Furthermore, the legislature has severely limited the effect of Grantham v. Denke by enacting legislation which affects what causes of action against co-employees are available to the workman or his spouse or dependents. Acts of Alabama 1984-85, Act No. 85-41, January 9, 1985, pp. 44-66.
Additionally, assuming that a co-employee could be sued, it is my opinion that the third-party claims authorized by Code 1975, § 25-5-11, do not include a loss of consortium claim which involves a work related injury covered by the Act.
Lastly, of course, this decision overrules Baird v. Spradlin, decided just four years ago, and that decision raised the identical legal issue here presentedthe right of a wife to sue for loss of consortium of her husband allegedly caused as a proximate consequence of a work-related injury. For a better understanding of what issues were presented in the Baird case, I went to our records and obtained the original briefs which were filed by the parties in that cause. The appellant in that case argued, in her original brief, in part, as follows:
"Aware that Alabama does not recognize co-employee wrongful death actions, Mrs. Baird filed suit for medical expenses, her lost wages, the cost of caring for him, and the loss of his services. She raised in the trial court a common law entitlement to such a cause of action, based in part upon Article I, Sections 1, 10, 11 and 13 of the Constitution of Alabama, and the decision of this Court in Graham v. Central of Georgia Railway Co., 217 Ala. 658, 117 So. 286 (1928).
"At issue in this case are our present day `institutions' as that term is employed by Code 1975, § 1-3-1, and the evolving nature of the common law of Alabama. Section 1-3-1 of the Code simply provides:
"`The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such *129 institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it shall be altered or repealed by the legislature.'
"This Court has defined § 1-3-1's employment of the term `institutions' in the case of Swartz v. United States Steel Corporation, 293 Ala. 439, 304 So.2d 881 (1974), as follows:
"`We have found no decision defining "institutions" in the context of its employment in Title 1, Section 3. We think, however, as used in Title 1, Section 3, the word "institutions" must be construed to mean the customs, mores, and conditions prevailing at the time the matter in question is being considered. We are of the view that the "institutions" prevailing today would necessitate the conclusion that a wife should have the right to sue for the loss of her husband's consortium despite the contrary conclusion reached some fourteen years ago in Smith, supra, and that a denial of such right would be inconsistent with our present day institutions.' 293 Ala., at 444 [304 So.2d 881].

"Swartz, of course, was a decision in which this Court extended to wives suffering a loss of consortium caused by injuries to their husbands from the tortious acts of third parties the same remedies which had previously existed in favor of conversely situated husbands. Justice Harwood's opinion in Swartz rang clear, in terms applicable to this appeal, upon the evolving nature of the common law, within the scope of then-Title 1, Section 3, (now § 1-3-1):
"`The common law is decisional law. It is not frozen into unchangeable tablets of stone.
"* * *
"`Title 1, Section 3, aforementioned, we think clearly reflects this invitation to change and growth in the common law of Alabama. While this section provides that the common law of England, shall be the rule of decisions, except as it may be altered or repealed by the legislature, it further provides such law shall apply so far as it is not inconsistent with the Constitution, laws, and institutions of this state, and the common law together with the laws and institutions shall be the rule of decisions.'" 293 Ala., at 442-43 [304 So.2d 881].
"The Swartz opinion also recited the same constitutional provisions relied upon by Betty Baird in the trial court here, Article 1, Section 1 (`all men are created equal'); Article 1, Section 10 (`no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party'); Article 1, Section 11 (`the right of trial by jury shall remain inviolate'); and Article I, Section 13 (`all courts shall be open; and... every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law'). Assuming from Swartz that there is no longer any dispute that in tort actions involving injuries to a spouse, sauce for the goose is sauce for the gander, Mrs. Baird invites this Court's review of its decisions in Graham and Slagle, supra, as they apply to the case at bar. Since Graham is cited here as directly apposite to the case at bar with a single exceptionthis case involving a plaintiff wife suffering injury from her deceased husband's condition between injury and death, whereas Graham involved a plaintiff husband suffering similar injurywe refer to the common law and constitutional authorities above primarily to support equal treatment for both sexes.
"* * *
"In Slagle, supra, this Court affirmed wrongful death action summary judgments in favor of defendants, but did not address the issue of a spouse's personal injuries of a compensatory nature sustained during the interim period between injury and death. Hence, Mrs. Baird's position upon appeal that neither Slagle, nor the survival statute (§ 6-5-462), nor the workmens' compensation immunity *130 statute (§ 25-5-11), each of which was relied upon by defendant in the trial court, applies to her cause of action for the injuries she personally sustained during the period between her husband's injury and his death."
The appellee in Baird argued that Mrs. Baird's claims were barred by the provisions of the workmen's compensation statute. In part, the appellee argued as follows:
"The workmen's compensation law applicable to dependents (of which class Betty Baird was a member) for actions filed by them to recover for the death of an employee is found in Section 25-5-11 of the Alabama Code. It states in pertinent part: [Code section copied.] Betty Baird has alleged under oath in the workmen's compensation complaint she filed that she was the sole dependent of Gerald Baird and also that Gerald Baird was subject to the workmen's compensation laws of the State of Alabama. She is bringing the suit against a co-employee of Gerald Baird. Because of these undisputed facts, John Spradlin is immune from suit.
"The constitutionality of this section in situations where the employee dies as a result of injuries received on the job has been ruled upon. In Slagle v. Parker, 370 So.2d 947 (Ala.1979), the Supreme Court stated:
"`We hold that the legislature could grant immunity to co-employees of a decedent covered by the Workmen's Compensation Act from suit for wrongful death where the death arose out of a job-related accident, and therefore, we affirm the grant of summary judgment in each case.' Id., at 949.
"The above statements interpreting the constitutionality of the grant of immunity to co-employees under Section 25-5-11 is true whether Betty Baird is the personal representative suing for wrongful death in case there are no dependents or whether Betty Baird is suing in her individual capacity where she is a dependent. Johnny Spradlin has been granted immunity under this Section.
"* * *
"At common law, assuming the husband or wife was liable to a third party for the expenses for a spouse injured on the job, an action could be brought by the husband or wife (rightly or wrongly the wife had no such cause of action at common law) to recover those expenses against: (1) the employer; (2) co-employees; or (3) other third party defendants. Regardless of how many defendants were involved or how many suits were filed, however, the expenses could only be recovered one time. See Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala.1978) (`It is well settled in Alabama that while a party is entitled to full compensation for his injuries, there can be only one satisfaction therefor.') In the context of the present case, absent the application of the workmen's compensation statutes, the same would be true of any claim by Betty Baird for these expenses."
In the reply brief, the appellant argued as follows:
"The appellee argues that the rationale of Grantham v. Denke, 359 So.2d 785 (Ala.1978) in construing Section 13 of the Constitution of Alabama does not apply to this case because the Workmen's Compensation statutes afford her an adequate alternate remedya quid pro quo. * * * [W]e submit that the defendant's argument ignores this Court's decision in Graham v. Central of Georgia Railway Co., 217 Ala. 658, 117 So.2d 286 [117 So. 286] (1928).
"In Graham, this Court cited Cooley on Torts (3rd Ed.) p. 470, upon the common law remedy available to a husband with respect to his injuries during the interim period between his wife's injury and her death from the tortfeasance of another:
"`But if the injury resulted in her death, this cannot, at the common law, be taken into account, either as the ground of action or as an aggravation of damages, and the husband's recovery *131 must be limited to the loss suffered intermediate the injury and death.' 217 Ala., at 660 [117 So. 286].
"Hence, the application of this Court's analysis of common law entitlements under § 13 of the Constitution of Alabama in Grantham v. Denke, 359 So.2d 785 (Ala.1978). In Grantham, a majority of this Court ruled that to permit amendments to the workmen's compensation laws to immunize a co-employee from suit by an injured employee would deprive him of rights and remedies he enjoyed under the common law which are preserved by § 13 of our Alabama Constitution. Betty Baird is not unmindful of this Court's refusal to extend § 13's umbrella over statutory wrongful death remedies in Slagle, supra; she submits here, however, that she is entitled to the same common law remedy available to H.T. Graham for damages sustained between Mrs. Graham's injury and her death in the suit against Central of Georgia Railway Company. Mr. Graham, like Mrs. Baird, filed suit to recover for those injuries after his spouse had died.
"As a wife, Mrs. Baird claims the same common law entitlement described by Mr. Chief Justice Anderson in favor of husbands in Southern Railway Company v. Crowder, 135 Ala. 417, 33 So. 335 (1902), as follows:
"`[D]amages for a wrong done to the wife occasioning a loss to him of her companionship and services, and for any and all expenses incurred as a proximate result of such wrong.' 135 Ala., at 422 [33 So. 335].
"We submit, under Swartz v. United States Steel Corporation, 293 Ala. 439, 304 So.2d 881 (1974), that the same remedy is available to a wife under the evolving common law of Alabama."
Mrs. Baird finally argued, as follows:
"Finally, we submit that the construction of Graham urged in this brief and our original brief affords a just remedy to Betty Baird who would otherwise find herself not only within the `anomalous situation' described by Justice Bloodworth and Justice Shores in Slagle, 370 So.2d, at 950, but also beyond the relief available to the plaintiff husband in Graham.

"As a matter of policy, the damages sought here by Betty Baird fall within the scope of general liability and/or co-employee insurance provisions now in effect in Alabama covering co-employees in Grantham situations. It is not unreasonable for such risks to be borne by such companiesor by negligent co-employees themselves absent insurance when Graham and Southern Railway Co. v. Crowder, supra, provide (assuming Swartz, supra, extends the same benefits to both genders) a remedy for the recovery of such damages under the common law of Alabama."
It is clear to me that the issues now addressed in the majority opinion were argued and briefed in the Baird case. I believe that case correctly states the law and that this Court should follow it.
For the foregoing reasons, I must respectfully dissent.
NOTES
[1] The accident in question occurred before the effective date of the 1985 amendment restricting third-party claims against co-employees. See Act No. 85-41, Section 3, Second Special Session, 1984-85 Ala.Acts.