Pamela Moore, an employee of Carbon Hill Manufacturing, Inc. ("Carbon Hill"), was injured in the course of her employment. She and her husband John sued her employer in the circuit court. Carbon Hill then settled her workmen's compensation claim and awarded benefits accordingly. The additional counts in the case claimed, on behalf of her husband and dependent child, damages for loss of spousal and parental consortium.[1] In response to this complaint, Carbon Hill moved for a summary judgment, basically contending that the plaintiffs' action was contrary to the Workmen's Compensation Act ("Act").
In support of its argument, Carbon Hill cited this Court's recent opinion in Murdock v. Steel Processing Services,Inc., 581 So.2d 846 (Ala. 1991), which states that the exclusivity provision of Ala. Code 1975, § 25-5-53, bars an action for loss of consortium by a dependent spouse. However, the trial court denied Carbon Hill's motion, instead relying onMattison v. Kirk, 497 So.2d 120 (Ala. 1986), which held that a spouse's claim for loss of consortium is an independent claim and may be brought in addition to a workmen's compensation claim. Specifically, the trial court stated that the claim for loss of consortium is a "valid cause of action in the State of Alabama."
Based on the conflicting holdings in the above cited cases, the trial court granted Carbon Hill's motion for an interlocutory appeal. This Court then granted Carbon Hill's "Petition for Permissive Appeal." See Rule 5, A.R.App.P.
The dispositive issue is whether a claim for loss of consortium is barred by the exclusivity provision of the Act, § 25-5-53. In other words, did this Court's holding inMurdock, by implication, overrule any inconsistent holding in Mattison?
In Murdock, the spouse of an injured worker sued the employer to recover for loss of consortium. This was after the employee had received benefits pursuant to the Act. The trial court granted the employers' motion to dismiss, concluding that § 25-5-53 provides the exclusive remedy in such cases and, therefore, prohibits the claim for loss of consortium. This Court, in a well-reasoned opinion, interpreted § 25-5-53:
 "It is clear that § 25-5-53 provides that workmen's compensation benefits are the exclusive remedy for an employee and his or her dependents. This includes his or her spouse. In addition, the *Page 356 
section expressly excludes any rights and remedies of a dependent for 'loss of services.' Thus, a claim for loss of consortium is barred by this clause."
Murdock, supra, at 848. Further, this Court held that the barring of such a claim pursuant to § 25-5-53 did not offend Art. 1, § 13, of the Alabama Constitution of 1901. The Court reasoned that there is a "quid pro quo
between the spouse and the employer, and the Legislature has exercised its police power by adopting the exclusivity provisions of § 25-5-53 to eradicate a perceived social evil." Murdock, at 848.
 "The intent of the Alabama Legislature in adopting the exclusivity provisions of the Workmen's Compensation Act was 'to provide complete immunity to employers and limited immunity to officers, directors, agents, servants or employees of the same employer . . . from civil liability for all causes of action except those based on willful conduct.' § 25-5-14. The Legislature added: '[S]uch immunity is an essential aspect of the workers' compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in section 25-5-53, as amended herein, and sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided herein.' Section 25-5-14."
Murdock, at 848.
We note that the rationale and holding in Murdock
are consistent with a 1982 case on the same issue. SeeBaird v. Spradlin, 409 So.2d 820 (Ala. 1982). InBaird, the employee died as a result of injuries received on the job, and his wife, as the widow and sole dependent, filed for death benefits pursuant to the Act. The wife also filed, in her individual capacity, a claim for damages she had allegedly suffered as a result of her husband's injury. The trial court entered a summary judgment in favor of the employer, and the wife appealed. This Court addressed "the right of a wife to sue for loss of consortium of her husband allegedly caused as a proximate consequence of a work-related injury." Mattison v. Kirk, at 128 (Maddox, J., dissenting). In affirming the trial court's judgment, we interpreted the Alabama workmen's compensation scheme and noted that "[t]he Workmen's Compensation Act creates rights, remedies and procedures all its own." We cited § 25-5-53 for the proposition that all remedies available to the wife were governed by this provision of the Act.[2]
However, contrary to the holdings set out above, this Court held in Mattison that a spouse's right of consortium is her separate right and that, although her loss derives out of her husband's work-related injury, her claim is independent of his. Although we cannot explain the inconsistencies concerning this issue, we do point out the lengthy dissent inMattison authored by Justice Maddox. There, he expressed the opinion that a worker's surviving spouse cannot maintain an action for loss of consortium, based upon this Court's previous holding in Baird.
Nevertheless, after a review of the conflicting holdings concerning the exclusivity of the Act, we conclude thatMurdock, as well as Thompson andBaird, states the applicable law in this area. Even though Murdock was released more than four years afterMattison, it did not expressly overrule the inconsistent holding of Mattison. The opportunity is again before this Court. We, therefore, reaffirm our holding inMurdock, and we overrule Mattison to the extent that it conflicts with Murdock and with our holding in this case concerning the exclusivity provision of the Act.
Therefore, the trial court erred by denying the employer's motion for a summary judgment. The order of the trial court is due to be reversed and the cause remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED. *Page 357 
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL AND KENNEDY, JJ., concur.
[1] Consortium includes more than material services. It includes fellowship, companionship, services, and all other incidents of the marriage relationship. Knighton v.Knighton, 252 Ala. 520, 41 So.2d 172 (1949). We note that a growing number of jurisdictions have recognized a cause of action in minor children for the loss of parental consortium. See Minors Have Independent Cause of Action for Loss ofParental Consortium Resulting From Injuries Inflicted Upon aParent by Negligent Third Party, 18 Cumb.L.Rev. 473, 474 (1988).
[2] We also note that the Murdock case has been cited with approval. See Thompson v. Town of Killen,583 So.2d 1336 (Ala. 1991).