CRAWLEY, Judge,
dissenting.
I must respectfully dissent because it is the province of the legislative branch, not the judicial branch, to deviate from the common law. Ala.Code 1975, § 1-3-1 states:
“The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature.”
Our supreme court has held that it is “compelled to follow the common law on any subject when the same has not been changed by the legislative branch of our government.” Smith v. United Construction Workers, District 50, 271 Ala. 42, 43, 122 So.2d 153, 154 (1960), overruled on other grounds, Swartz v. *994 United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974). Therefore, I conclude that this court, as well, is bound to apply the common law unless it has been abrogated by the legislature.
The plurality opinion in Swartz criticized the Smith court’s ruling that only the legislature has the authority to abrogate the common law and stated that the phrase “institutions” in § 1-3-1 refers to the “customs, mores, and conditions prevailing at the time the matter in question is being considered.” 293 Ala. at 444, 304 So.2d at 885. However, the courts of this state have continued to follow the principle of Smith that it is the prerogative of the legislature, not the judiciary, to alter the common law. See Golden v. McCurry, 392 So.2d 815 (Ala.1980); Kauffman v. State, 620 So.2d 90 (Ala.Cr.App.1992).
The majority correctly states the common law rule regarding prepayment of a mortgage obligation. The majority also correctly states that the legislature has abrogated the common law rule in situations involving mortgagees who are in the regular business of extending credit and that § 5-19-4(c) does not apply to this ease because Brannon is not in the regular business of extending credit. Because the legislature has not abrogated the common law as to the facts of this ease, then this court is compelled to apply the common law in the instant case. Therefore, the McGowans are not entitled to prepay the mortgage obligation, and I must respectfully dissent.