The defendants, Bobby R. Lewis and Russell M. Fraser, appeal separately from a judgment entered on a jury verdict in favor of the plaintiffs, R. Scott Reynolds, Gregory S. Windham, Kenneth Tichansky, and Teresa Scholz, in this action to recover damages for fraud. We affirm in part, but remand the case for a determination as to the question of excessiveness of the damages, in accordance with Hammond v. City of Gadsden,493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby,539 So.2d 218 (Ala. 1989).
This is the second time these parties have been before this Court. In Reynolds v. Mitchell, 529 So.2d 227 (Ala. 1988), the plaintiffs appealed from a judgment entered for them on the jury's verdict, arguing that the damages award was too small (i.e., that the damages award was not supported by the evidence), and the defendants cross-appealed, contending that the trial court had erred in submitting the fraud question to the jury. We rejected the defendant's contention that there was insufficient evidence of fraud to submit the question to the jury; however, we reversed and remanded the case for a new trial because the damages awarded by the jury were not supported by the evidence. The present appeal is from the judgment entered following the second trial. Our review of the record indicates that the evidence presented in both trials was substantially the same. See Reynolds v. Mitchell, supra, at 229-30, for a detailed statement of the evidence presented at the first trial.
The plaintiffs were the limited partners in Margaret Clara Apartment Complex Group, Ltd. ("the partnership"). The defendants were two of the three general partners in that partnership.[1] The plaintiffs alleged that the defendants had fraudulently induced them to invest in the partnership. The plaintiffs sought both compensatory and punitive damages. At trial, the defendants' motions for a directed verdict were denied; the jury returned the following verdict by filling in the blanks on forms that were approved both by the parties and the trial court:
"JURY VERDICT
 "As to the plaintiff, Kenneth Tichansky, we the jury:
 "A. Find the issues in favor of the plaintiff and against:
 "1. Defendant Russell M. Fraser and assess damages at:
"$2,350 Compensatory and *Page 444 
"$31,250 Punitive
 "2. Defendant Bobby R. Lewis and assess damages at:
"$4,700 Compensatory and
"$62,500 Punitive
"B. Find the issues in favor of:
"1. Defendant Russell M. Fraser __________
"2. Defendant Bobby R. Lewis __________
"JURY VERDICT
"As to the plaintiff, Teresa Scholz, we the jury:
 "A. Find the issues in favor of the plaintiff and against:
 "1. Defendant Russell M. Fraser and assess damages at:
"$3,525 Compensatory and
"$31,250 Punitive
 "2. Defendant Bobby R. Lewis and assess damages at:
"$7,050 Compensatory and
"$62,500 Punitive
"B. Find the issues in favor of:
"1. Defendant Russell M. Fraser __________
"2. Defendant Bobby R. Lewis __________
"JURY VERDICT
 "As to the plaintiff, R. Scott Reynolds, we the jury:
 "A. Find the issues in favor of the plaintiff and against:
 "1. Defendant Russell M. Fraser and assess damages at:
"$4,700 Compensatory and
"$31,250 Punitive
 "2. Defendant Bobby R. Lewis and assess damages at:
"$9,400 Compensatory and
"$62,500 Punitive
"B. Find the issues in favor of:
"1. Defendant Russell M. Fraser __________
"2. Defendant Bobby R. Lewis __________
"JURY VERDICT
 "As to the plaintiff, Gregory S. Windham, we the jury:
 "A. Find the issues in favor of the plaintiff and against:
 "1. Defendant Russell M. Fraser and assess damages at:
"$9,400 Compensatory and
"$31,250 Punitive
 "2. Defendant Bobby R. Lewis and assess damages at:
"$18,800 Compensatory and
"$62,500 Punitive
"B. Find the issues in favor of:
"1. Defendant Russell M. Fraser __________
"2. Defendant Bobby R. Lewis __________"
Lewis moved for a remittitur, and both defendants moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. Those motions were denied.
The defendants first contend that there was no basis for a finding of fraud on their part and, therefore, that the trial court erred in denying their motions for a directed verdict and for a judgment notwithstanding the verdict. We have previously rejected this contention. See Reynolds v. Mitchell, supra, at 230-33, for a thorough discussion of the evidence and the applicable legal principles. After carefully reviewing the record, we hold, once again, that the plaintiffs presented sufficient evidence to establish a prima facie case of fraud in the inducement and, therefore, that the trial court did not err in submitting the fraud issue to the jury.
The defendants also contend that the trial court erred in denying their request for a new trial. They argue that the jury unlawfully apportioned the damages; that the trial court improperly instructed the jury on the law of fraud; that the trial court unconstitutionally instructed the jury that they could be found vicariously liable for punitive damages as a result of the false representations that may have been made by Mitchell in regard to the partnership business; and that the damages award was excessive.
As the verdict forms set out previously reveal, the jury did apportion the damages in this case. The defendants argue *Page 445 
that the verdict was the result of an erroneous instruction from the court that the jury could apportion the damages. Because apportionment of damages among joint tort-feasors is not permitted in Alabama, see, e.g., Tatum v. Schering Corp.,523 So.2d 1042 (Ala. 1988), and Vanguard Industrial Corp. v.Alabama Power Co., 455 So.2d 837 (Ala. 1984), the verdict would be illegal and, thus, would have to be set aside but for the fact that the record shows the issue to have been waived by the defendants at trial. The defendants neither objected to the trial court's oral charge nor submitted any requested written jury instructions regarding the apportionment of damages. Furthermore, as previously noted, the defendants consented to the verdict forms that were provided to the jury, and those forms required an apportioned verdict. Accordingly, the apportionment of damages by the jury did not constitute reversible error under the law of this case. See Alfa MutualIns. Co. v. Northington, 561 So.2d 1041, 1047 (Ala. 1990) ("[t]his Court cannot undertake to review the propriety of a trial court's oral charge unless that charge has been timely objected to and the objection has been overruled by the trial court, or a requested written jury instruction has been refused by the trial court"); see, also, E S Facilities, Inc. v.Precision Chipper Corp., 565 So.2d 54 (Ala. 1990), where this Court held that consent to the form of a verdict at trial bars attack on appeal.
With regard to their argument that the trial court erred in instructing the jury on the law of fraud, the defendants maintain 1) that the trial court failed to instruct the jury as to the general rule that a mere statement of opinion cannot constitute actionable fraud; and 2) that the trial court, when it instructed on the law of reckless fraud, should have instructed the jury that it had to find a false representation concerning a "material existing fact" instead of a false representation concerning a "material fact."
The trial court instructed the jury, in pertinent part, as follows:
 "The defendants Lewis and Fraser further state that any representations that the apartments would be financially successful could be considered as simply a statement of opinion and not the basis for a fraud claim.
 "In this regard I charge you, lady and gentlemen of the jury, that as a matter of law in the state of Alabama a statement of opinion could be the basis of a fraud claim where the jury finds that in making the statement of opinion a defendant intended to deceive a plaintiff, and the plaintiff's reliance on the statement of opinion was reasonable.
 "So in the state of Alabama, a statement of opinion given by Dr. Russell Fraser or Dr. Bobby Lewis could be the basis of a fraud claim if you the jury find that in giving the opinion that Dr. Russell Fraser and Dr. Bobby Lewis (1) intended to deceive any of the four plaintiffs, and (2) that any of the four plaintiffs' reliance on any statement by Dr. Russell Fraser or Dr. Bobby Lewis was reasonable.
 "And what we are saying there, lady and gentlemen, is that it's a question of fact for the jury as to whether any reliance by these plaintiffs on any opinion statement made by these defendants was reasonable.
 "In determining whether or not any representations were opinions made with the intent to deceive and relied upon by the plaintiffs, you the jury can consider all of the facts of the case, including any subsequent facts from which earlier intent could be inferred. Moreover, in determining whether the plaintiffs reasonably relied on the defendants' statements of opinions, the jury can consider whether the defendants as general partners were in a superior position of knowing facts that justified the defendants' statements made to the plaintiffs as to future events."
This instruction is a correct statement of the law,Reynolds v. Mitchell, supra, and it told the jury in a clear and concise manner everything that it needed to know in this case as to when a statement of opinion can *Page 446 
constitute actionable fraud.[2] Therefore, the trial court's refusal to instruct as to the general rule was not error.
The trial court instructed the jury on the law of reckless fraud, in pertinent part, as follows:
 "As to reckless misrepresentation, I charge you lady and gentlemen of the jury that if you are reasonably satisfied from the evidence that defendant Lewis or defendant Fraser misrepresented a material fact recklessly without knowledge of the truth or falsity thereof, and with the intent to induce the plaintiffs to act and that the plaintiffs acted upon such reckless misrepresentation to their injury, then that defendant is guilty of legal fraud. So with reckless misrepresentation you are looking at elements of being reasonably satisfied from the evidence that a defendant misrepresented a material fact, not just any fact but a material fact, recklessly without knowledge of the truth or falsity thereof; and there is an element of intent to induce the plaintiffs to act, that the plaintiffs did act upon this reckless misrepresentation and that the plaintiffs were injured as a result of their acting upon any reckless misrepresentation. Then if you find all of that, then that would make out reckless misrepresentation under the law of Alabama."
This instruction is also a correct statement of the law. "Fact" is defined in Black's Law Dictionary (5th ed. 1979) as follows:
 "A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence; an actual happening in time space [sic] or an event mental or physical; that which has taken place. City of South Euclid v. Clapacs, 6 Ohio Misc. 101, 213 N.E.2d 828, 832. A fact is either a state of things, that is, an existence, or a motion, that is, an event. The quality of being actual; actual existence or occurrence."
A "material fact" is a fact that would reasonably induce someone to act. Alfa Mutual Insurance Co. v. Northington, supra. As these definitions indicate, in order to establish reckless fraud a plaintiff must prove that the defendant made a false representation as to "[a] thing done" or an event that "has taken place" that would reasonably induce someone to act. Use of the word "existing" before "fact" is redundant. We note that this Court has on many occasions characterized the necessary element to be proved as a false representation concerning a "material existing fact." We note further, however, that there is no magic in the word "existing" as it is used in this context and that a jury instruction that omits it does not constitute error on the part of the trial court. See, also, Alabama Pattern Jury Instructions, Civil § 18.02 (1974) ("material fact").[3]
As to whether the trial court erred in its instructions concerning one general partner's liability for punitive damages as a result of false representations made by another general partner, we note that the defendants neither objected to the trial court's oral charge in this respect nor submitted any requested written instructions to the trial court dealing with the *Page 447 
matter.[4] There is no ruling by the trial court for us to review on the issue of the constitutionality vel non of the punitive damages award, and the trial court's oral charge became the law of the case. Alfa Mutual Insurance Co. v. Northington, supra.
The defendants filed post-judgment motions challenging the verdict as being excessive. The trial court denied the motions, without comment. With regard to the compensatory damages award, the defendants argue that the jury failed to take into consideration certain tax savings that, they say, the evidence showed were enjoyed by the plaintiffs as a result of their participation in the partnership. The trial court instructed the jury to take any proven tax savings into account. It does not appear, however, that the jury took any tax savings into consideration when it reached its verdict. Lewis also argues that the evidence does not support an award against him of twice the amount of compensatory damages awarded against Fraser. With regard to the punitive damages award, the defendants argue that the evidence does not support the amount awarded by the jury. Lewis argues in particular that the evidence does not support the award against him of twice the amount of punitive damages awarded against Fraser. This is one of those cases in which it would be particularly helpful to this Court for the trial court to set out its reasons for concluding that the verdict was not excessive. Therefore, we remand the case for a determination as to whether the damages were excessive, in accordance with Hammond v. City of Gadsden, supra, and Green Oil Co. v. Hornsby, supra.[5]
AFFIRMED IN PART; AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] The third general partner, Joe C. Mitchell, was also named as a defendant; however, he failed to appear at trial and a default judgment was entered against him. Mitchell did not appeal from that judgment.
[2] See Lawson v. Cagle, 504 So.2d 226 (Ala. 1987), where this Court reversed the judgment entered for the plaintiff on the jury's verdict and rendered a judgment for the defendant, holding that the defendant's representation as to certain future events constituted an expression of opinion on which the plaintiff had no right to act.
[3] The defendants suggest in their briefs that the trial court's failure to give certain written requested instructions concerning the elements of fraud predicated on a promise or representation as to a future event rendered the instruction on reckless fraud confusing to the jury. The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or to abstain from an act in the future, is when the evidence shows that, at the time the promise of future action or abstention was made, the promisor had no intention of carrying out the promise, but rather had apresent intent to deceive. Benetton Services Corp. v. Benedot,Inc., 551 So.2d 295 (Ala. 1989). As previously noted, however, the trial court's instruction on reckless fraud was a correct statement of the law and, just like the instruction as to when a statement of opinion can constitute actionable fraud, it told the jury in a clear and concise manner everything it needed to know.
[4] The following requested written instruction was refused by the trial court:
"If you find from the evidence that the Defendant, Russell M. Fraser, did not actively participate in the management of Margaret Clara Apartment Complex [Group], Ltd., based upon the representation of Joe C. Mitchell that he (Mitchell) would be completely in charge of management, then you cannot return a verdict against Russell M. Fraser for punitive or exemplary damages."
This instruction does not deal directly with the question of whether one general partner can be liable for punitive damages as a result of false representations made by another general partner, and it is an incorrect statement of the law in this case. The extent of Fraser's, or Lewis's, participation in the management of the partnership was not the sole determining factor as to whether they were liable to the plaintiffs for fraud. The trial court did not err in refusing this requested instruction.
[5] We note the defendants' argument that the trial court's judgment allowed the plaintiffs a double recovery of compensatory damages. This argument is based upon the trial court's entry of a default judgment in favor of each of the plaintiffs against Mitchell in an amount equal to the total amount of compensatory damages awarded to each of the plaintiffs against both Lewis and Fraser. For example, the jury awarded Tichansky $2,350 in compensatory damages against Fraser and $4,700 in compensatory damages against Lewis, for a total of $7,050 — the amount of Tichansky's investment in the partnership. The trial court entered a judgment in favor of Tichansky against Mitchell for $7,050 in compensatory damages. The trial court followed this pattern as to each of the plaintiffs. It is familiar law that there can be but one recovery for a single injury or loss. Although there may be several joint tort-feasors, a plaintiff is not permitted to sue one tort-feasor and satisfy his judgment, and then sue another tort-feasor to recover again. Once the judgment has been satisfied for a single injury or loss, no other suits by the plaintiff against any tort-feasor are permitted in regard to the same injury or loss. Ex parte Rudolph, 515 So.2d 704 (Ala. 1987). The record is unclear as to whether this issue was properly brought to the trial court's attention so as to preserve it for appellate review; however, assuming that it was, we see no merit in the defendants' contention. The trial court did no more than enter a judgment against Mitchell for the amount of compensatory damages found by the jury to be due each plaintiff. The jury's apportionment of compensatory damages among the defendants and the trial court's entry of judgment on that verdict did not allow a double recovery by the plaintiffs. Of course, the plaintiffs are entitled to satisfy their judgment only to the extent of the compensatory damages awarded by the jury (i.e., $7,050 for Tichansky, $10,575 for Scholz, $14,100 for Reynolds, and $28,200 for Windham). *Page 448