These appeals arise from separate summary judgments in favor of the defendants in an action arising out of an on-the-job accident in which the plaintiff's husband was fatally injured. The issues are whether summary judgment was proper either for the defendant premises owner on the plaintiff's claim alleging failure to warn of a dangerous condition or for the defendant owner of the log truck driven by the decedent on the plaintiff's claim alleging negligence.
M.C. Dixon Lumber Company ("Dixon") owned and operated a lumber mill in Barbour County. To obtain logs for the mill, Dixon contracted with outside companies to harvest trees and haul them by truck to its mill. One such company was Eufaula Pulpwood Company ("EPC"). On certain occasions, EPC contracted with other companies to perform some of its work. In June 1985, EPC contracted with Robert M. Nolan, d/b/a Pataula Wood Company ("Pataula") to cut, haul, and deliver timber to Dixon's mill.
On June 24, 1985, Charlie G. Davis drove one of Pataula's trucks loaded with logs to Dixon's mill. Charlie arrived while most of Dixon's employees were out to lunch. When Dixon's employees returned from *Page 306 
lunch, they found Charlie lying on the ground beside his truck with a log lying on him. Charlie subsequently died as a result of the injuries sustained when he was struck by the log, which had apparently fallen from his truck. There were no witnesses to the accident. Annie R. Davis instituted this action as administratrix of the estate of Charlie G. Davis and as widow of Charlie G. Davis.
The first issue is whether the trial court erred in entering summary judgment for Pataula. Pataula argues that Charlie was an employee of Pataula and, therefore, that Davis's action against Pataula is barred by the exclusivity provisions of the Alabama Workmen's Compensation Act, Ala. Code 1975, §§ 25-5-52
and 25-5-53.
Section 25-5-52 provides:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article."
Section 25-5-53 states, in pertinent part:
 "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, next of kin, at common law, by statute or otherwise on account of said injury, loss of service or death. Except as provided in this article and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter shall be held civilly liable for any personal injury to or death of any workman who is an employee of the employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment."
Davis argues that Charlie was not an employee of Pataula but an independent contractor and, therefore, that §§ 25-5-52 and25-5-53 do not apply. Evidence was presented, however, that shows that Pataula paid premiums for Charlie's workmen's compensation insurance and that, after Charlie's death, Davis received medical and death benefits from the workmen's compensation carrier. This Court has held that the acceptance of compensation payments under the Workmen's Compensation Act constitutes an election that estops the employee from resorting to any other remedy. Kelley v. Dupree, 376 So.2d 1371 (Ala. 1979). Because Davis accepted payments from Pataula's workmen's compensation carrier, she is barred by §§ 25-5-52 and 25-5-53
from bringing an action against Pataula based on Charlie's wrongful death. Therefore, the trial court correctly entered the summary judgment in favor of Pataula.
The next issue is whether the trial court erred in entering the summary judgment in favor of Dixon.
Davis contends that Dixon had a duty to provide Charlie a reasonably safe place to work and to warn him of dangers that he might be exposed to on its premises.
It is undisputed that Charlie was not an employee of Dixon. At most, Charlie was a business invitee when the accident occurred.
 "A landowner has a duty to his invitees to maintain his premises in a reasonably safe condition, or if the premises are unsafe, to warn the invitee of all hidden dangers or defects which are known by him, but which are unknown by the invitee. See, Bush v. Alabama Power Co., 457 So.2d 350, 354 (Ala. 1984); Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980). An invitor is therefore not liable for injuries to an invitee resulting from a danger which was known to the invitee or which the invitee should have observed through the exercise of reasonable care. Quillen, supra. See also Bennett v. Cole, 426 So.2d 829, 830 (Ala.Civ.App. 1981), affirmed, Ex parte Bennett, 426 So.2d 832
(Ala. 1982)." *Page 307 
Newton v. Creative Dining Food Systems, Inc., 492 So.2d 1011,1012 (Ala. 1986).
The only evidence of any danger that was presented to the trial court was evidence that logs may fall from trucks during the unloading process. Undisputed evidence showed this danger to be widely known in the logging industry. It was also undisputed that Charlie was an experienced log truck driver, having worked in that capacity for Pataula for nearly five years and having worked for other companies in the same capacity for many years prior to his employment with Pataula. Because Charlie knew or should have known of the danger of logs falling from trucks during the unloading process, Dixon was under no duty to warn him of that danger. The trial court did not err in entering the summary judgment in favor of Dixon.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., recused.