On November 3, 1988, Patrick Murdock was injured in the course of his employment at Steel Processing Services, Inc., when he became entangled in a piece of equipment known as "Rail Breaker Number One." Both Murdock and the company were subject to the provisions of the Alabama Workmen's Compensation Act, Alabama Code 1975, § 25-5-1 et seq. After the accident, Murdock received benefits for temporary disability and medical expenses under the Workmen's Compensation Act.
Kathy Murdock, as the common law wife of Patrick Murdock, filed a complaint on September 11, 1990, in the circuit court, claiming damages for loss of consortium. In response to her complaint, Steel Processing filed a motion to dismiss on October 15, 1990, on the grounds that § 25-5-53 provides the exclusive remedy in such cases and thus prohibits her claim for loss of consortium. The trial court granted the motion to dismiss. The dismissal was made a final judgment on December 6, 1990. Kathy Murdock appeals. We affirm.
We must determine whether the exclusivity provision of §25-5-53 bars an action for loss of consortium by a dependent spouse.
Section 25-5-53 provides as follows:
 "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death. Except as provided in this article and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter shall be held civilly liable for any personal injury to or death of any workman who is an employee of the employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment. In addition, immunity from civil liability for all such causes of action except those based upon willful conduct shall also extend to any workers' compensation insurance carrier of the employer or any person, firm, association, trust, fund or corporation responsible for servicing and payment of workers' compensation claims for the employer or any officer, director, agent, servant or employee of such carrier, person, firm, association, trust, fund or corporation and to any labor union, or any official or representative thereof, and to any officer, director, agent, servant or employee of the same employer, or his personal representative. Nothing in this section shall be construed to relieve any person from criminal prosecution for failure or neglect to perform any duty imposed by law.
 "For the purpose of this section, any carrier, person, firm, association, trust fund or corporation shall include any company making a safety inspection on behalf of any self-insured employer or its employees and any officer, director, agent, servant or employee of such company. *Page 848 
(Acts 1919, No. 245, p. 206; Code 1923, § 7546; Code 1940, T. 26, § 272; Acts 1975, 4th Ex.Sess., No. 86, p. 2729, § 4; Acts 1984, 2nd Ex.Sess., No. 85-41, p. 44, § 5.)"
It is clear that § 25-5-53 provides that workmen's compensation benefits are the exclusive remedy for an employee and his or her dependents. This includes his or her spouse. In addition, the section expressly excludes any rights and remedies of a dependent for "loss of services." Thus, a claim for loss of consortium is barred by this clause.
Professor Larson points out in his treatise on workmen's compensation that there are three general types of exclusivity clauses in workmen's compensation acts. 2A Larson,Workmen's Compensation, § 66.10 (1987). The broadest type of statute is the New York type, which is similar to that of Alabama. Under that type of statute, Professor Larson notes, "the cases with near unanimity have barred suits by husbands for loss of the wife's services and consortium, by wives for loss of the husband's services and consortium, by parents for loss of minor children's services, by dependent children, and by next of kin under wrongful death statutes." Larson, supra, at § 66.21. See also Annot., 36 A.L.R.3d 900, § 7 (1971) (and Supplement), for an extensive list of cases barring loss of consortium claims under exclusivity provisions in workmen's compensation statutes.
Kathy Murdock challenges the exclusive remedy provision of § 25-5-53 as violating Art. I, § 13, of the Alabama Constitution of 1901. Her challenge fails. The barring of a claim for loss of consortium under the exclusivity provisions of § 25-5-53 does not offend § 13 under either the vested rights approach or the common law approach set forth in Reed v.Brunson, 527 So.2d 102, 114 (Ala. 1988). This is because there is a quid pro quo between the spouse and the employer, and the Legislature has exercised its police power by adopting the exclusivity provisions of § 25-5-53 to eradicate a perceived social evil.
The intent of the Alabama Legislature in adopting the exclusivity provisions of the Workmen's Compensation Act was "to provide complete immunity to employers and limited immunity to officers, directors, agents, servants or employees of the same employer . . . from civil liability for all causes of action except those based on willful conduct." § 25-5-14. The Legislature added: "[S]uch immunity is an essential aspect of the workers' compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in section25-5-53, as amended herein, and sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided herein." Section 25-5-14.
The question of whether to exclude loss of consortium claims against employers was for the Legislature. The Legislature spoke, by enacting the exclusivity provisions. There is nothing in the Alabama Constitution that bars the Legislature from treating a husband and wife as an entity for such purposes.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.