PER CURIAM.
David Gordon Thompson and his wife, Lea Anne Tedder Thompson, sued several defendants in an action arising out of injuries sustained by Mr. Thompson while participating, as a member of the Killen Volunteer Fire Department, in a fire drill. They appeal from a summary judgment, made final pursuant to Rule 54(b), A.R.Civ. P., in favor of one of the defendants, the Town of Killen, Alabama. Mrs. Thompson’s claim was for loss of services and/or consortium.
In their complaint, the Thompsons allege that the Town of Killen was negligent and/or wanton in training the members of the Killen Volunteer Fire Department and in maintaining a fire truck and water pump. The Thompsons also allege that the Town of Killen is liable for the negligence and/or wantonness of the operator of the water pump on the night of the injury.
In its answer to the complaint, the Town of Killen alleges the following defense:
“The plaintiffs have elected to claim workmen’s compensation benefits under the Workmen’s Compensation Policy of the Town of Killen, Alabama, and have received workmen’s compensation benefits under said policy in excess of $85,-000.00, and will continue to receive medical benefits under said policy as medical expenses are incurred. The plaintiffs have made an election of remedies, and are, therefore, estopped by reason of such election to claim damages against the defendant, Town of Killen, Alabama, alleged to have resulted from the negligence of the defendant, or its agents or employees.”
This allegation is supported by the affidavit of the town clerk, and there is nothing in the record before us to indicate that Mr. Thompson did not receive compensation benefits under the Workmen’s Compensation Act.
In Davis v. M. C. Dixon Lumber Co., 551 So.2d 305, 306 (Ala.1989), this Court stated that “the acceptance of compensation payments under the Workmen’s Compensation Act constitutes an election that estops the employee from resorting to any other remedy.” In Murdock v. Steel Processing Services, Inc., 581 So.2d 846 (Ala.1991), this Court held that a claim for loss of consortium is also barred.
On the authority of Davis v. M. C. Dixon Lumber Co., supra, and Murdock v. Steel Processing Services, Inc., supra, we conclude that the trial court correctly entered the summary judgment in favor of the Town of Killen.
AFFIRMED.
Hornsby, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.