STEAGALL, Justice.
Automated Precision, Inc., sued ITEC, Inc., claiming that ITEC had failed to pay for the manufacture and delivery of a specified number of mechanical parts, which Automated Precision claimed it had undertaken pursuant to a written agreement between the parties. ITEC counterclaimed, alleging that Automated Precision had not properly manufactured and delivered the parts. The jury returned a verdict in favor of Automated Precision, awarding $50,000 for damages plus six percent interest. The court entered a judgment on that verdict. ITEC appeals.
In June 1991, ITEC issued a purchase order to Automated Precision for the manufacture and delivery of “Bedside Alarm Mechanical Housing” units. In July 1991, the parties negotiated a second purchase order, purporting to cancel the first order; the second purchase order specifically stated that it “would function as a complete release by each party of the other” as to the obligations of the first purchase order.
Automated Precision accepted the second order, but terminated its relationship with ITEC shortly thereafter. Automatic Precision then filed this breach of contract action, seeking compensation for mechanical units it *1140 had already manufactured in reliance upon the first purchase order. At trial, the president of Automatic Precision admitted that the second purchase order released ITEC from its obligations under the first; however, she also presented parol evidence of the circumstances surrounding her agreement to sign the release.
ITEC first argues that the jury improperly considered this parol evidence in determining that ITEC had breached its duties under the first purchase order. ITEC points out that where the terms of a written contract are unambiguous, the rights of the contracting parties are controlled by those terms and parol evidence is not admissible to contradict, vary, add to, or subtract from, these terms. Rime-Shatten Development Co. v. Birmingham Cable Communications, Inc., 569 So.2d 332 (Ala.1990). The record reveals, however, that ITEC did not move to exclude the parol evidence when it was offered at trial and that it did not seek a ruling from the trial court as to whether the contract was ambiguous and thus open to interpretation by parol evidence. Issues not raised before the trial court will not be considered for the first time on appeal, Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990); accordingly, this issue is not properly before us for review.
ITEC next argues that the damages award was excessive in view of the evidence; however, this Court will not review a claim that a verdict was excessive unless the issue is first presented to the lower court in a motion for a new trial. B.A.S.S. Coal, Inc. v. Black Warrior Minerals, Inc., 579 So.2d 1325 (Ala.1991). The record shows that ITEC did not move for a new trial or for a remittitur; thus, we must decline to review its claim that the verdict was excessive. The judgment is hereby affirmed.
AFFIRMED.
ALMON, ADAMS, HOUSTON and INGRAM, JJ., concur.