MONROE, Judge.
Brett Brown was injured in an accident on January 6, 1994, while he was working on a site controlled by Alan Hixon Timber Company. In January 1994, the timber company began paying Brown workers’ compensation benefits. Brown accepted those benefits, and there is no dispute that he still is receiving workers’ compensation benefits from Hixon. In February 1995, Brown sued Alan Hixon, doing business as Hixon Timber Company, stating claims alleging negligence and wantonness. Brown also stated claims against Caterpillar, Inc., and Young Corporation, which had manufactured the equipment in use at the time of the accident. Brown’s wife, Tracy, claimed damages for loss of consortium against each of the named defendants.
Hixon moved to dismiss the claims against him. The trial court granted the motion, holding that Brown’s acceptance of worker’s compensation benefits constituted an election of remedies, and that Brown was barred from maintaining this action against Hixon. The dismissal was made final pursuant to Rule 54(b), Ala.R.Civ.P. Brown appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Brown contends that the trial court held that he was an' employee and not an independent contractor, and erred in holding that because Brown was receiving workers’ compensation benefits, he was estopped from asserting any common law claims against Hixon. In its order dismissing Hixon as a party, the trial court held “that the acceptance of compensation benefits under the Workmen’s Compensation Act constitutes an election of remedies by Plaintiff and estops the Plaintiff from resorting to any other remedy and that Plaintiff is barred by Sections 25-5-52 and 25-5-53 from maintaining this cause of action.” We agree with Hixon that the trial court did not hold that Brown was an employee; instead, the court held only that by accepting workers’ compensation benefits, Brown was estopped from resorting to any other remedy.
Brown argues that he is an independent contractor, and therefore, he says, he is not covered by the Workers’ Compensation Act. If he is not covered by the Act, he concludes, he cannot be barred from bringing negligence and wantonness claims against Hixon. Brown does not dispute that he is receiving workers’ compensation benefits, but, he says, *1222 Hixon’s payment of workers’ compensation benefits is “voluntary.” There is no evidence that Brown has requested that payment of the benefits be discontinued.
When a party, with knowledge of the facts, makes an election between two inconsistent theories of recovery, the election is binding upon him. Kelley v. Dupree, 376 So.2d 1371 (Ala.1979). Therefore, Brown cannot accept workers’, compensation benefits as an employee of Hixon and at the same time claim that he is not an employee but an independent contractor, in an attempt to recover from Hixon under theories of negligence and wantonness.
The Alabama Supreme Court has held that “the acceptance of compensation payments under the Workmen’s Compensation Act constitutes an election that estops the employee from resorting to any other remedy.” Davis v. M.C. Dixon Lumber Co., 551 So.2d 305, 306 (Ala.1989); see Thompson v. Town of Killen, 583 So.2d 1336, 1337 (Ala.1991). Brown has accepted, and is continuing to accept, payments under the Workers’ Compensation Act. Therefore, he is estopped from bringing negligence and wantonness claims against Hixon.
Tracy BroWn does not argue that the trial court erred in dismissing her claim for loss of consortium against Hixon. We note, however, that when an employee accepts payments under the Workers’ Compensation Act, a claim for loss of consortium is also barred. Thompson v. Town of Killen, 583 So.2d at 1337; Murdock v. Steel Processing Services, Inc., 581 So.2d 846 (Ala.1991).
The trial court properly dismissed Hixon as a defendant. The judgment of dismissal is affirmed.
AFFIRMED.
ROBERTSON, P. J., and THIGPEN, J., concur.