Rel: March 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2026-0074
_____

### Phillip Duke

### v.

### Walmart, Inc., and Qeon Gray

### Appeal from Pike Circuit Court
### (CV-24-900152)

SELLERS, Justice.[1]

_____

[1]This case was originally assigned to another Justice on this Court; it was reassigned to Justice Sellers on February 23, 2026.

Phillip Duke appeals from a summary judgment entered by the Pike Circuit Court ("the trial court") in favor of Walmart, Inc., and its employee, Qeon Gray, on Duke's tort claims against Walmart and Gray. We affirm.

## I. Facts and Procedural History

On October 2, 2024, at or around 9:46 p.m., Duke, who claims that he was "off duty" and jogging in the parking lot of the Walmart distribution center, was struck by a tractor-trailer truck being driven by Gray. It is undisputed that, at the time of the accident, both Duke and Gray were employed by Walmart and that Gray was performing a job-related duty. On December 12, 2024, Duke commenced an action against Walmart and Gray, seeking damages for the injuries he incurred as a result of the accident. In his complaint, Duke asserted certain tort claims against Walmart and Gray.[2] Walmart answered the complaint, asserting as an affirmative defense that Duke's tort claims were barred by § 25-5-52 and § 25-5-53, Ala. Code 1975, which are commonly referred to as the

---

[2]Duke asserted claims of negligence; wantonness; negligent hiring, training, supervision, and retention; he asserted theories of liability premised on the doctrine of respondeat superior, agency, and co-employee liability under § 25-5-11, Ala. Code 1975.

exclusive-remedy provisions of the Workers' Compensation Act ("the Act"), § 25-5-1, et seq., Ala. Code 1975. Walmart and Gray thereafter moved for a summary judgment pursuant to Rule 56(c), Ala. R. Civ. P., based on the exclusive-remedy provisions of the Act. Following a hearing, the trial court entered a summary judgment in favor of Walmart and Gray. In its judgment, the trial court noted that it was undisputed that Duke had accepted workers' compensation and medical benefits from Walmart, that he had accepted those benefits while represented by counsel, and that he had taken no action to reserve any right to pursue any other remedy before accepting those benefits. Thus, the trial court held that Duke's acceptance of the workers' compensation benefits while represented by counsel estopped him from pursuing other remedies against Walmart. The trial court further noted that Duke's claims against Gray were insufficient because, it said, there was no evidence of willful conduct. This appeal followed.

## II. Standard of Review

"This Court reviews a summary judgment de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Rule 56(c), Ala. R. Civ. P.; Nettles v. Pettway, 306 So. 3d 873 (Ala. 2020). The movant for a summary judgment has the initial burden of producing

3

evidence indicating that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Once the movant produces evidence establishing a right to a summary judgment, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. We consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. Id."

Sykes v. Majestic Mississippi, LLC, 402 So. 3d 203, 207-08 (Ala. 2024).

### III.  Discussion

### A.  Walmart

The substantive issue on appeal is whether the trial court erred in entering a summary judgment in favor of Walmart based on the exclusive-remedy provisions of the Act, specifically because Duke was paid workers' compensation benefits under the Act.

Section 25-5-52 provides, in relevant part:

"Except as provided in [the Act], no employee of any employer subject to [the Act] ... shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."

Section 25-5-53 provides, in relevant part:

4

"The rights and remedies granted in [the Act] to an employee shall exclude all other rights and remedies of the employee ... at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in [the Act], no employer shall be held civilly liable for personal injury to or death of the employer's employee, for purposes of [the Act], whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment."

Duke argues that the Act does not apply in this case because, he says, the injuries he suffered were not job related because, at the time of the accident, he was off duty and not performing any job duties for Walmart. Thus, he claims that, because the Act does not apply, his sole remedy against Walmart was a civil-tort action. See ITT Specialty Risk Servs, Inc. v. Barr, 842 So. 2d 638, 646 (Ala. 2002) ("When an employee suffers injuries that do not result from an accident 'arising out of and in the course of' his or her employment, that employee is not precluded by the exclusivity provisions of the Act from bringing an intentional-tort claim against an employer or against an agent of the employer."). Walmart, on the other hand, claims that, under the exclusive-remedy provisions, it is entitled to immunity on Duke's tort claims because, it says, Duke accepted workers' compensation benefits under the Act. That

5

is, Walmart argues that the benefits provided under the Act are Duke's exclusive remedy against Walmart. This Court has consistently held that "the acceptance of compensation payments under the Workmen's Compensation Act constitutes an election that estops the employee from resorting to any other remedy." Davis v. M.C. Dixon Lumber Co., 551 So. 2d 305, 306 (1989).

Our initial inquiry, therefore, is whether Walmart presented sufficient evidence to demonstrate that Duke's injuries were covered by the Act, which would foreclose his tort action against Walmart. In support of its motion for a summary judgment, Walmart submitted the affidavit of Myranda Holloway, a director of "Non-Custodial eDiscovery" with Walmart, who stated that, in the regular course of business, Walmart maintains records of workers' compensation claims filed by employees and any workers' compensation benefits paid pursuant to those claims, including medical and indemnity benefits. Holloway attached "true and correct" copies of the records maintained by Walmart pertaining to Duke, which, she averred, indicated that he was paid workers' compensation benefits, including medical benefits, temporary-total-disability benefits, and other benefits, for his injuries allegedly

6

sustained on October 2, 2024, while he was an employee of Walmart. Walmart also submitted copies of the checks issued by "Walmart Claims Services, Inc.," each of which identifies Duke as the claimant and includes a corresponding claim number. Walmart made a prima facie showing that Duke received workers' compensation benefits under the Act. Thus, the burden shifted to Duke to present substantial evidence demonstrating that he was not covered under the Act. In his response in opposition to Walmart's summary-judgment motion, Duke asserted that it was undisputed that the Act did not apply because, he said, at the time of the accident, he was off duty and not performing any job duties. Duke relies on certain documents maintained by Walmart indicating that, at the time of the accident, Duke was not "doing normal activities," that he was "walking/running in yard," and that he was not "logged into" his "[t]ablet." Regardless of whether Duke was off duty at the time of the accident, the evidence presented by Walmart establishes that he received benefits under the Act, and he cannot accept those benefits and at the same time claim that he was off duty in attempt to recover damages from

Walmart by different means.[3]  See Brown v. Hixon, 686 So. 2d 1220, 1222

(Ala. Civ. App. 1996) ("When a party, with knowledge of facts, makes an

election between two inconsistent theories of recovery, the election is

binding upon him.  Kelley v. Dupree, 376 So. 2d 1371 (Ala. 1979).

Therefore, Brown cannot accept workers' compensation benefits as an

employee of Hixon and at the same time claim that he is not an employee

but an independent contractor, in an attempt to recover from Hixon

under theories of negligence and wantonness.").  Based on the foregoing,

Duke failed to meet his burden of demonstrating by substantial evidence

that his tort claims were not barred by the exclusive-remedy provisions

---

[3]Duke states that trial court "couched" its judgment in terms of "election of remedies" and "estoppel." Thus, he argues that, because Walmart did not raise those affirmative defenses in its answer, they are deemed waived. Regardless of how the trial court stated its holding, it is clear that the trial court based its summary judgment in favor of Walmart on the exclusive-remedy provisions of the Act and that Walmart asserted that defense in its answer. Duke cites no authority to indicate that a defendant asserting the affirmative defense of immunity under § 25-5-52 and § 25-5-53 must also assert the separate defenses of estoppel and election of remedy. As noted by Walmart, the exclusive-remedy provisions of the Act provide an employer with the defense where, as here, the plaintiff accepts payments under the Act.  See Baptist Mem'l Hosp. v. Gosa, 686 So. 2d 1147, 1148-49 (Ala. 1996) (allowing hospital to amend its answer to add an affirmative defense of immunity under the exclusive-remedy provisions when it was undisputed that employee had accepted workers' compensation payments from the hospital).

of the Act.[4]  Accordingly, the summary judgment in favor of Walmart was proper.

## B.  Gray

Section 25-5-11, Ala. Code 1975, provides that an employee who receives benefits under the Act may bring a separate action against his or her co-employee if the employee's injury is a result of "willful conduct" on the part of a co-employee. See also § 25-5-14, Ala. Code 1975; Ex parte Newton, 895 So. 2d 851, 854 (Ala. 2004) ("The Workers' Compensation Act ... provides immunity to co-employees 'from civil liability for all causes of action except those based on willful conduct.' § 25-5-14 (emphasis added).")  Section 25-5-11(c)(1) defines willful conduct, in relevant part, as the "intent or design to injure another."  Thus, a person seeking to recover against a co-employee carries a heavy burden. In Reed v. Brunson, 527 So. 2d 102 (Ala. 1988), this Court described the evidence

---

[4]Duke also asserts that the summary judgment in favor of Walmart is improper because, he says, there are questions of fact as to whether he elected the remedy of receiving workers' compensation benefits and whether he understood that the checks he accepted were for workers' compensation payments.  Duke, however, did not raise those arguments in the trial court; therefore, we will not consider them on appeal.  See ITEC, Inc. v. Automated Precision, Inc., 623 So. 2d 1139, 1140 (Ala. 1993) ("Issues not raised before the trial court will not be considered for the first time on appeal.").

an injured employee must present in order to submit a co-employee-liability case to a jury. We required that the employee present evidence tending to show either: "1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or someone else, or 2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his actions." Reed, 527 So. 2d at 120 (emphasis omitted).

In Gray's motion for a summary judgment, he argued, in relevant part, that Duke's claim against him could not survive because, he said, Duke did not present any evidence indicating that, at the time of the accident, Gray had engaged in willful conduct. In his response in opposition to Gray's summary-judgment motion, Duke omitted any discussion regarding Gray's conduct at the time of the accident. Rather, for the first time on appeal, Duke argues that he was not required to plead or to present any evidence of willful conduct on the part of Gray because, he says, this is not a workers' compensation case. He further asserts that, even if he was required plead willful conduct, he did so by alleging in the complaint that, at the time of the accident, Gray was under the influence of illegal drugs and that, under § 25-5-11(c)(3),

intoxication of a co-employee is considered willful conduct. However, at the summary-judgment stage of the proceedings, Duke was required to present substantial evidence demonstrating that Gray had acted with an intent or design to injure him.[5] Because Duke presented no such evidence, his claims against Gray premised on co-employee liability under § 25-5-11 could not stand. Thus, the summary judgment in favor of Gray was proper.

## IV. Conclusion

Based on the foregoing, the summary judgment in favor of Walmart and Gray is affirmed.

AFFIRMED.

Stewart, C.J., and Wise, Bryan, and Parker, JJ., concur.

Cook, J., recuses himself.

---

[5]Notably, in his complaint, Duke did not even allege that Gray's conduct was willful. Rather, he alleged that, Gray "did not see" Duke and "ran [Duke] over." He also alleged that, upon information and belief, Gray was under the influence of illegal drugs at the time of the collision and that Gray, "while under the influence of illegal drugs, recklessly and wantonly" operated the tractor-trailer truck owned by Walmart. However, Duke did not provide the trial court with any evidence to demonstrate that the conduct described in the above allegations amounted to willful conduct.